**Benny PEOPLES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8709.**

United States Court of Appeals Tenth Circuit.

Aug. 12, 1966.

Benny Peoples, pro se.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before PHILLIPS, PICKETT and SETH, Circuit Judges.

PER CURIAM.

Peoples was convicted by a jury on December 14, 1962, of violating 18 U.S.C. A. § 2113(a) by unlawfully entering a bank with intent to commit a felony. He was sentenced to the custody of the Attorney General for a period of 20 years. Thereafter, he filed a motion to vacate judgment and sentence, pursuant to 28 U.S.C.A. § 2255. He has appealed from an order denying such motion.

As grounds for relief, People alleges that certain instructions to the jury were erroneous and prejudicial; that he was forced to incriminate himself by being required to stand for recognition and identification by a government witness during the trial; that his privately retained attorney failed to demand a disclosure of an informant and failed to prosecute timely his direct appeal; that a Deputy United States Marshal made certain prejudicial statements in the presence of the jurors; and that issues of fact were erroneously decided.

■ Section 2255 may not be used as a substitute for a direct appeal. "It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, that a motion to vacate will lie under § 2255".[1]

■ Requiring a defendant to stand in court for purposes of identification is not a violation of the Fifth Amendment.[2]

■ The record does not tend to show in anywise that Peoples was deprived of the effective assistance of counsel. His privately retained counsel might well have believed that it would be poor trial tactics to demand a disclosure of the informant. Likewise, his counsel may have determined that an appeal would lack any merit and would be fruitless. At most, we have a case where a convicted defendant has concluded in retrospect that the representation he received from counsel of his own choice did not measure up to his (Peoples) standards of effectiveness.

1. Jude v. United States, 10 Cir., 262 F. 2d 117, 118; Pulliam v. United States, 10 Cir., 178 F.2d 777, 778.

2. Swingle v. United States, 10 Cir., 151 F.2d 512, 513; Holt v. United States, 218 U.S. 245, 252, 31 S.Ct. 2, 54 L. Ed. 1021; Roberson v. United States, 6 Cir., 282 F.2d 648, c. d. 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 108; McFarland v. United States, 80 U.S.App.D.C. 196, 150 F.2d 593, c. d. 326 U.S. 788, 66 S.Ct. 472, 90 L.Ed. 478, rehearing den. 327 U.S. 814, 66 S.Ct. 526, 90 L.Ed. 1038.

That is not enough to warrant relief under § 2255.[3]

The other grounds were clearly no basis for relief under § 2255.[4]

Affirmed.

3. Moss v. Hunter, 10 Cir., 167 F.2d 683, 684, c. d. 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780; Johnson v. United States, 10 Cir., 333 F.2d 371, 373; Merritt v. Hunter, 10 Cir., 170 F.2d 739, 741.

4. Carrillo v. United States, 10 Cir., 332 F. 2d 202, 203.