**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James J. ZAMMIELLO, Defendant-
Appellant.**

**No. 24752.**

United States Court of Appeals,
Ninth Circuit.

Sept. 22, 1970.

James J. Zammiello, in pro. per.

Dwayne Keyes, U. S. Atty., Wm. B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and JAMESON,* District Judge.

* Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation.

PER CURIAM:

This is an appeal from a conviction on two counts of violation of 18 U.S.C. § 2312, interstate transportation of a stolen motor vehicle. Appellant acted as his own counsel both at the trial[1] and on this appeal.

■ Appellant contends that he was improperly identified in court. The United States Attorney requested appellant to stand and he was identified by a Government witness. This was not error. Requiring a defendant to stand in court for the purpose of identification is not a violation of the Fifth Amendment.[2]

■ Appellant claims error in receiving in evidence a check which the Government had failed to produce in advance of trial pursuant to a pretrial discovery order requiring the production of documents. Government counsel explained that he did not have possession of the check until it was delivered to him in the courtroom ten minutes before it was offered in evidence. In any event, no prejudice was shown, and it was not error to receive the check as an exhibit.

■ Appellant complains of the procedures when he was taken from the jurisdiction of state authorities in Connecticut into federal custody. The record does not disclose any attack on appellant's arrest or the jurisdiction of the court prior to trial; nor does the record support appellant's contention that he was not lawfully in federal custody. It is clear that the federal authorities had actual possession of appellant during his trial. Personal presence of a defendant before a district court gives that court jurisdiction over him regardless of how his presence was secured.[3]

■ Finally appellant contends that various portions of the "actual happenings at the trial," including comments of the trial court and comments of the Assistant United States Attorney, were deleted or omitted from the transcript of the record filed in this court.[4] The court reporter has certified that the 350 page transcript "constitutes a full, true and complete transcript of all" of his stenographic notes taken at the trial. The reporter's transcript is presumed to be correct, and this court may not consider facts or matters which are not contained in the official record.

We find no merit in the other assertions and contentions in appellant's briefs. The evidence was clearly sufficient to sustain the conviction on each count.[5]

Affirmed.

---

1. It is clear from the record that appellant understood and waived his right to counsel. Four different attorneys had represented appellant, three of them appointed by the court. Appellant filed a motion to discharge the fourth attorney and be permitted to conduct his own defense. The court granted the motion to permit appellant to act as his own attorney, but denied the motion to discharge counsel, the order providing that counsel would attend all court sessions but take no part in the proceedings unless specifically requested to do so by the defendant. The court appointed counsel was present throughout the trial.

2. *See* Peoples v. United States, 10 Cir. 1966, 365 F.2d 284, 285 and cases there cited.

3. *See* Stamphill v. Johnston, 9 Cir. 1943, 136 F.2d 291, 292, cert. denied 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457; United States v. Williams, 7 Cir. 1954, 212 F.2d 786, 787.

4. Many of the alleged statements, if actually made, would not constitute reversible error. Appellant contends, however, that Government counsel in closing argument commented on appellant's failure to take the stand. The closing arguments are included in the transcript. We find no comment of Government counsel which could be construed to support this contention.

5. Moreover, the record discloses that throughout the trial the court was careful to apprise appellant of his rights and explain the court procedures, at times suggesting to appellant the proper manner of presenting his defense.