Howard D. MITCHELL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 194–70.

United States Court of Appeals, Tenth Circuit.

Oct. 8, 1970.

F. Richard Hite, Denver, Colo., for petitioner-appellant.

Richard J. Spelts, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and David L. Osborn, Asst. U. S. Atty., on the brief), for respondent-appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

PER CURIAM.

The district court denied appellant Mitchell's petition for relief under 28 U.S.C. § 2255 without an evidentiary hearing. A jury found him guilty of three counts charging mail fraud. He did not appeal from the sentence pronounced.

The sole ground asserted for relief is: "inadequacy of counsel (under the influence of alcohol at the time of trial)." The counsel was retained. In an affidavit supporting the petition, the appellant said that the condition was shown by counsel's confusion as to the name of a prosecuting witness on three occasions, and by his failure to call a witness. During the trial appellant did not object or call attention to his counsel's claimed condition.

We have held that the competency and qualifications of a lawyer before the court are "a matter of which the trial court had judicial knowledge and of which it could take judicial notice." Wheatley v. United States, 10 Cir., 198 F.2d 325, 327. The district court in disposing of the petition said: "We observed the conduct of petitioner's counsel during the trial and were not aware of the condition alleged." The allegation that intoxication was shown by failure to call a witness does not help the appellant. It is apparent from the appellant's affidavit that the lawyer's action was taken before the trial because the proposed witness was from without the state. The allegation is conclusory, does not name the witness, and does not state the nature or pertinency of the testimony sought. A pre-trial difference between lawyer and client over trial tactics does not establish either intoxication of the lawyer at trial or an unconstitutional deprivation of the right to effective assistance of counsel. Cf. Frand v. United States, 10 Cir., 301 F.2d 102, 103; Peoples v. United States, 10 Cir., 365 F.2d 284, 285. On the record presented there was no need for an evidentiary hearing.

Affirmed.