878 F.2d 383
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander J. SZILAGYI, Defendant-Appellant.
 Nos. 88-1178, 88-1461.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1989.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Szilagyi appeals, pro se, from a criminal conviction of four counts of tax evasion. Szilagyi claims that the creation of the district court "without vesting it with full judicial powers" was an improper exercise of congressional power under Article III of the Constitution and thus the district court was without jurisdiction to try his case. He also challenges the jury instructions, the lack of an administrative assessment prior to institution of criminal charges against him, and the scope of a superseding indictment that was returned in his case. We find no merit in his claims, and thus affirm his conviction.
 
 
 2
 * On April 17, 1987, Szilagyi was charged by indictment with four counts of income tax evasion in violation of 26 U.S.C. Sec. 7201 for calendar years 1980, 1981, 1982 and 1983. A superseding indictment was returned on May 15, 1987. Trial commenced on February 2, 1988, at which Szilagyi represented himself, although stand-by counsel was appointed by the court and was present throughout the proceedings. The jury returned verdicts of guilty as to all four counts, and Szilagyi was sentenced to four years on each count with all terms to run concurrently.
 
 
 3
 The indictment in this matter charged that, during calendar years 1980-83, Szilagyi wilfully evaded the payment of federal income taxes. It was alleged that he committed these offenses by use of fraudulent W-4 forms by claiming 39 allowances. Counts II and III charged that Szilagyi had failed to file his 1981 return "on or before April 15, 1981," and his 1982 return "on or before April 15, 1981." Subsequently, a superseding indictment was returned on May 15, 1987, containing the identical charges, but correcting the applicable filing deadlines. Thus, the 1981 count was changed to state that Szilagyi had failed to file the 1981 return "on or before April 15, 1982," and the 1982 return "on or before April 15, 1983." These were the only changes which were made in the indictment.
 
 
 4
 Evidence at trial showed, among other things, that Szilagyi filed false and fraudulent W-4 forms with his employers at Ford Motor Company and the Chrysler Corporation. Revenue Agent Bulik of the Internal Revenue Service (IRS) computed Szilagyi's taxes and testified as to his findings. He stated that, in 1980, Szilagyi had a taxable income of $41,913.29 and a tax liability of $10,659.17 with $1,015.85 due and owing. In 1981, Szilagyi had taxable income of $30,246.83 and tax liability of $9,836.00 with $8,939.44 due and owing. Szilagyi's 1982 taxable income was $34,920 and tax liability of $11,266.00 with $10,324.06 due and owing. Finally, Szilagyi's taxable income for 1983 was $30,792.37 with tax liability of $8,348.00 and $4,735.21 due and owing. All of this was calculated by and testified to at trial by Agent Bulik.
 
 
 5
 After the closing arguments, the court instructed the jury as follows regarding the elements of the crime of tax evasion:
 
 
 6
 The crime of income tax evasion consists of three elements, each of which the government must prove beyond a reasonable doubt;
 
 
 7
 First, the existence of a tax deficiency;
 
 
 8
 Second, an affirmative act constituting an evasion or attempted to [sic] evasion of taxes; and
 
 
 9
 Third, willfulness.
 
 
 10
 The court defined "affirmative act" as follows:
 
 
 11
 To establish the existence of an affirmative act the government must show more than the mere failure to do something, such as a failure to file an income tax return. However, any affirmative action by the defendant, the likely effect of which would be to mislead or to conceal is sufficient to constitute an affirmative act.
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 If you find that the defendant deliberately filed a false and fraudulent W-4 form, and failed to file an income tax return, and failed to pay taxes, you may find that he committed an affirmative act of tax evasion.
 
 
 15
 Based on these instructions, the jury convicted Szilagyi on all counts.
 
 II
 
 16
 On appeal, Szilagyi raises a number of claims, the more salient of which which we will summarize. First, Szilagyi claims that Article III's statement that "[t]he judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States ...," U.S. Const. art. III, Sec. 2, bars Congress from directing the courts by statutory grants of or limits on jurisdiction. The district court in this case stated that it was acting under "criminal statutory" jurisdiction; Szilagyi argues that this "creates a conflict of law, jurisdiction and separation of powers...."
 
 
 17
 Szilagyi further argues that the federal government has no jurisdiction over him at all because he does not live in a "federal enclave or in the territories" of the United States. He argues that all federal criminal laws apply only to residents of federal territorial lands. He claims that he is a citizen of "the Union," citing Dred Scott v. Sanford, 60 U.S. (19 How.) 393 (1857). His permanent residence is in Michigan. He claims that the state of Michigan has not "ceded" the state to the federal government. Thus, he claims that, because Congress is located in the District of Columbia, and because he is not a citizen of the District, laws promulgated by Congress do not apply to him.
 
 
 18
 Szilagyi further argues that the original indictment charged him with evading taxes a year before they were due; however, the government acknowledged its error in the tax deadlines as stated in the original indictment and filed a superseding indictment. Szilagyi claims, though, that the corrected dates in the superseding indictment illegally broadened and amended the charges against him.
 
 
 19
 Szilagyi also claims that he was entitled to an administrative assessment, and that the IRS has no authority to assess income tax on any individual unless he files a tax return. He claims that, because he has not filed a tax return, the government cannot charge him with a tax deficiency, and that the Secretary of the Treasury is bound to file a substitute return for all persons who fail to file a return on their own. Further, Szilagyi challenges the district court's jury instructions as erroneous.
 
 
 20
 We find no merit whatsoever in any of Szilagyi's arguments. Clearly, every citizen of the United States is subject to federal law. Further, the constitutional provision cited by Szilagyi in support of his interpretation of the jurisdiction of the federal courts states that "[t]he judicial Power shall extend to all Cases ... arising under this Constitution, the laws of the United States...." U.S. Const. Art. III, Sec. 2. The "laws" referred to in that provision are laws enacted by the processes established in the Constitution, which include the law Szilagyi violated. However, there is no requirement that every court created under Article III be endowed with the full scope of judicial review or powers allocated in Section 2. Yakus v. United States, 321 U.S. 414, 443-44 (1944).
 
 
 21
 Moreover, there is no question that every person present in the United States is generally subject to the laws of the United States. Congress has granted subject matter jurisdiction over crimes to the federal courts. United States v. Hall, 98 U.S. 343 (1879). This includes internal revenue offenses. United States v. Latham, 754 F.2d 747 (7th Cir.1985). When such subject matter is established, personal jurisdiction is obtained by the physical presence of the defendant before the court. United States v. Zammiello, 432 F.2d 72, 73 (9th Cir.1970). Thus, the district court had jurisdiction over Szilagyi for offenses against the laws of the United States.
 
 
 22
 As for Szilagyi's other claims, the district court's jury instructions were clearly correct in their recitation of the elements of a claim of tax evasion, Sansone v. United States, 380 U.S. 342, 351 (1965), and in the definition of an affirmative act. Spies v. United States, 317 U.S. 492, 499 (1943). In the instant case, the trial judge used language almost identical to that used by this court in United States v. Curtis, 782 F.2d 593, 594 (6th Cir.1986). Thus, Szilagyi's arguments regarding the jury instructions must fail.
 
 
 23
 In addition, there is no question but that an administrative assessment is not necessary prior to the initiation of a criminal tax prosecution. United States v. Voorhees, 656 F.2d 710, 714 (9th Cir.1981). The existence of a tax liability is one of the elements that must be proved to establish guilt of criminal tax evasion. Curtis, 782 F.2d at 594. However, this does not mean that no deficiency can be assessed against a person who has not filed a tax return; such a rule would render payment of taxes optional, which, clearly, it is not.
 
 
 24
 Finally, the only changes made in the superseding indictment were the dates of the deadlines for filing taxes for the years in question. This cannot be construed as a broadening or amending of the charges against Szilagyi; in fact, it had no effect on the charges at all. Both indictments allege the same criminal activity; both allege that the activity took place in 1980 through 1983; both allege that the activity constituted four violations of 26 U.S.C. Sec. 7201. No charges were added or expanded in any way. All of the language was identical with the exception of the filing deadlines. This does not broaden or amend the charges. Thus, Szilagyi's final claim must fail.
 
 
 25
 In that we find all of Szilagyi's arguments to be as meritless as they are creative, we hereby AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation