935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lathan E. WILLEFORD, Defendant-Appellant.
 No. 90-5215.
 United States Court of Appeals, Tenth Circuit.
 June 4, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is the fourth time Mr. Willeford has been before us. His first appearance was on direct appeal following his conviction of conspiracy to manufacture, possess, and distribute amphetamines, and interstate travel in aid of racketeering. On direct appeal from his conviction, Willeford urged five grounds for reversal. First, he argued that the district court erred in admitting statements made by him and his coconspirator. Second, he argued that the district court should not have allowed the testimony of the government's paid informant, Brian Norman. Third, he contended that the district court erred when it admitted invoices showing the amount of chemicals and equipment purchased by Willeford and his coconspirator. Fourth, he alleged that prosecutorial misconduct occurred in the government's opening statement and closing argument. Finally, he argued that the indictment upon which he was charged was defective. We found no merit in those arguments and affirmed Willeford's conviction. United States v. Willeford, unpubl. no. 86-2043 (10th Cir. Aug. 25, 1987). A copy of the decision in that appeal is attached. Willeford then filed a motion to correct sentence pursuant to Fed.R.Crim.P. 35(a), alleging that pursuant to 21 U.S.C. Sec. 812(A)(1), amphetamines were schedule III drugs not schedule II and, therefore, he was wrongfully convicted of violating 21 U.S.C. Secs. 841 and 846. He argued that because five years is the maximum sentence which can be imposed following conviction of a violation involving a schedule III drug, his sentence of eight years was illegal. He also alleged that the indictment failed to state an offense as to the violations of 18 U.S.C. Sec. 1952. The district court denied relief and, on appeal, we affirmed, finding no merit in Willeford's arguments. United States v. Willeford, unpubl. no. 88-1134 (10th Cir. June 28, 1988). A copy of our decision in that appeal is also attached. Thereafter, Willeford filed a petition for relief under 28 U.S.C. Sec. 2255. In that petition he challenged his conviction and sentence, raising the following five grounds:
 
 
 3
 (1) Improper sentencing based on false information included in presentence report and U.S. Attorney's statement to the court;
 
 
 4
 (2) Admission of hearsay evidence and improper instruction to jury on its use;
 
 
 5
 (3) Insufficient evidence to support conviction;
 
 
 6
 (4) Illegal search and seizure based on involuntary expression of consent; and
 
 
 7
 (5) Ineffective assistance of counsel at trial and sentencing.
 
 
 8
 The district court denied relief by minute order dated April 10, 1989. Willeford appealed, and we remanded for a statement of reasons underlying the district court's ruling. United States v. Willeford, unpubl. no. 89-5062 (10th Cir. July 11, 1990). On remand the district court entered a detailed order, with supporting documents, again denying relief. Specifically, the district court ruled that issues (2) through (5) listed above, are precluded from review in a federal habeas corpus proceeding for failure of petitioner to raise the issues on direct appeal. Peoples v. United States, 365 F.2d 284 (10th Cir.1966). The district court addressed issue (1) (alleged improper sentencing) on the merits and rejected Willeford's arguments with respect to that issue. R. Vol. I, Tab 93 at 2-4. Willeford now appeals from the district court's order, reasserting all five grounds for relief referred to above.
 
 Issue (1)
 
 9
 Willeford alleges that his sentence should be set aside because the district court relied on false information in the presentence report and was misled by the U.S. Attorney's mischaracterization of the offense as one involving methamphetamine, rather than amphetamine. He also suggests that there is a disparity between his sentence and that of his codefendant which allegedly proves that the district court was misled. We affirm the district court's denial of relief on this issue.
 
 
 10
 Willeford correctly points out that at sentencing the assistant U.S. Attorney representing the government repeatedly referred to methamphetamine, rather than amphetamine. In its order, the district court minimized the difference between the two drugs, a proposition with which Willeford takes issue at some length on appeal, Brief at 4-6. Much of what Willeford argues on the subject is a rehash of what we addressed in our opinion no. 88-1134, i.e., amphetamines are schedule II not schedule III drugs, with corresponding sentencing ranges under the Guidelines. Willeford does not contest the fact that his sentence falls within the sentencing guideline range for the offenses for which he was convicted. Furthermore, although the assistant United States attorney erroneously referred to methamphetamine, rather than amphetamine, Willeford's attorney, in turn, correctly referred to amphetamine. R. Vol. I, Tab 93 at 8. The sentencing transcript does not indicate that the court at any time used the term methamphetamine. Moreover, the presentence report clearly and properly identifies Willeford's offenses as relating to amphetamine, as did all other documents reflecting Willeford's conviction and sentence. On this record there is absolutely no credible support for the proposition that the district court thought it was sentencing Willeford for a crime other than that which he committed. The alleged disparity between Willeford's sentence (eight years) and that of his codefendant, Coleman, (four years) does not persuade us to the contrary. Nothing in the record reveals the criteria used in imposing sentence on Coleman. We do not know the criminal history category in which Coleman was placed or other matters which the district court had before it at the time of Coleman's sentencing. Different sentences are not necessarily disparate sentences.
 
 
 11
 Willeford next contends that the presentence report contained the following inaccuracies:
 
 
 12
 (1) The report said defendant-appellant was conspiring to manufacture methamphetamine instead of amphetamine;
 
 
 13
 (2) Defendant-Appellant never said that he knew what the chemicals he sold were to be used for;
 
 
 14
 (3) Defendant-Appellant has never said he was hired by anyone only that he was buying and reselling chemicals and equipment;
 
 
 15
 (4) There is no evidence at trial defendant-appellant was manager or organizer of anything;
 
 
 16
 (5) Not in the indictment nor at trial was there evidence of 385 pounds of any controlled substance;
 
 
 17
 (6) There was no evidence at trial nor in the indictment of 6,080,000.00 dollars; and
 
 
 18
 (7) Prosecutor's version of September 25, 1985 having defendant-appellant's truck stopped and searched was false and inaccurate with no evidence of alleged conversation. See United States v. Stevens, 559 F.Supp. 1007 (D.Kansas 1985).
 
 
 19
 Brief at 7. Willeford's assertion amounts to an argument that the district court violated Fed.R.Crim.P. 32(c)(3)(D). The problem with that argument is that neither Willeford nor his counsel made any objection to the factual accuracy of the presentence report at the time of sentencing. At that time the following colloquies occurred:
 
 
 20
 THE COURT: Do you know of any reason why the Court shouldn't pronounce sentence?
 
 
 21
 THE DEFENDANT: No, sir.
 
 
 22
 THE COURT: Have you read the presentence report, and is it accurate and correct?
 
 
 23
 THE DEFENDANT: Yes, sir.
 
 
 24
 THE COURT: Mr. Roach, do you know of any reason why the Court shouldn't pronounce sentence?
 
 
 25
 MR. ROACH: No, sir.
 
 
 26
 THE COURT: And have you read the presentence report?
 
 
 27
 MR. ROACH: Yes, sir.
 
 
 28
 THE COURT: Is it accurate and correct?
 
 
 29
 MR. ROACH: Yes, sir.
 
 
 30
 * * *
 
 
 31
 * * *
 
 
 32
 THE COURT: Mr. Willeford, I will be pleased to hear anything you have to say in your own behalf or receive any additional information you wish the Court to consider.
 
 
 33
 THE DEFENDANT: Yes, sir. I'd like to make a statement, Your Honor, that from the get-go, I do not feel that I was breaking any law buying and selling chemicals. I am not in the dope business, have not been in the dope business. I was in the chemical business. Mr. Ward--he alleged all of these large amounts of money and I have no large amount of money, sir. I've got a family I take care of and as Mr. Roach says, what I've done, I was up there running my head, trying to impress Mr. Norman and--
 
 
 34
 THE COURT: Did you impress him?
 
 
 35
 THE DEFENDANT: Yes, sir. I did.
 
 
 36
 THE COURT: You impressed some other people too.
 
 
 37
 THE DEFENDANT: Evidently I did, sir. What I have done is made a fool out of myself, sir. That's all I have to say.
 
 
 38
 R.Vol. I, Tab 93 at 2, 10-11. Willeford's counsel also addressed the court at length without suggesting that the presentence report was inaccurate in any way. Id. at 6-10, 13-14, 16. Willeford's attempt in this second post-conviction proceeding, many years after his conviction, to dredge up claimed inaccuracies in the presentence report and thereby attack his sentence is untimely.
 
 
 39
 Even if we were to address Willeford's claimed inaccuracies, we would find them insubstantial. The first claimed inaccuracy, that the presentence report refers to methamphetamine, is wrong. The presentence report presented to the court and included in the file refers only to amphetamine. Asserted factual inaccuracies (2) and (3) are wholly inconsequential because of the jury's verdict finding Willeford guilty of the crimes charged, a verdict which necessarily included the factual predicates included in the claimed inaccuracies. Asserted inaccuracy (4) relates to a statement made in the probation officer's assessment portion of the presentence report. A probation officer's opinion is not a statement of fact to which a defendant may take exception. Asserted inaccuracies (5) and (6) relate to an estimate by DEA agents. Contrary to Willeford's assertion, such an estimate need not be included in the indictment or as evidence admitted at trial. Finally, Willeford's alleged inaccuracy (7), even if true, is wholly lacking in any potential prejudice. The statement reads: "The agents finally stopped his vehicle. They told Willeford they knew he had all the chemicals in his possession needed to manufacture amphetamine. Willeford told the agents they were mistaken, that he lacked two of the required chemicals. The agents searched his vehicle and discovered Willeford was correct." Given Willeford's admission that he knows the "recipe" for amphetamine, nothing in this statement is prejudicial. Furthermore, Willeford admits in his own brief at page 16, that DEA agents did in fact follow him from Tulsa Scientific in Tulsa, Oklahoma to Fort Worth, Texas and became aware that he was not carrying all of the chemicals necessary to make amphetamine--which is the gist of the statement in the presentence report.
 
 Issues (2) through (5)
 
 40
 The district court erroneously held that issues (2) through (5) were "precluded from review in a federal habeas corpus proceeding for failure of petitioner to raise these issues on direct appeal." R.Vol. I, Tab 93 at 1. Such a failure does not result in per se preclusion of habeas relief. Instead, petitioner typically will not obtain relief on issues he fails to raise on direct appeal unless he satisfies Frady 's cause and prejudice standard, i.e., he shows both "cause" excusing his procedural default and "actual prejudice" resulting from the alleged errors. United States v. Frady, 456 U.S. 152, 167-68, reh'g denied, 456 U.S. 1001 (1982); United States v. Hall, 843 F.2d 408, 409-10 (10th Cir.1988).
 
 
 41
 However, since the district court did not apply Frady 's cause and prejudice standard, neither will we. United States v. Hall, 843 F.2d at 409-10.[1] We review issues (2) through (5) on their merits.
 
 
 42
 Issues (2) and (3).
 
 
 43
 Willeford contends that the district court erroneously admitted hearsay evidence and improperly instructed the jury with respect to its use; and, that there was insufficient evidence to support his conviction. In his brief he combines those two issues for purposes of argument.
 
 
 44
 Approximately half of Willeford's arguments on these issues relate to the propriety of coconspirator testimony, the so-called preferred order of proof articulated in United States v. Petersen, 611 F.2d 1313 (10th Cir.1979), cert. denied, 447 U.S. 905 (1980), and the propriety of testimony given by Brian Norman. We ruled against Willeford with respect to the substance of those arguments in our treatment of his direct appeal, no. 86-2043. Thus, the arguments, and variations on those arguments, are res judicata.
 
 
 45
 The second portion of his argument is a straightforward attack on the sufficiency of the evidence at trial. Brief at 13-15. The standard of review with respect to sufficiency of the evidence arguments requires us to affirm a conviction if, viewing the evidence "in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt." United States v. Tranakos, 911 F.2d 1422, 1430 (10th Cir.1990) (citing Jackson v. Virginia, 443 U.S. 307, 319, rehearing denied, 444 U.S. 890 (1979)). See also United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986). Under this standard, there was clearly enough evidence upon which the jury could have found Willeford guilty of the offenses charged.
 
 
 46
 Issue (4).
 
 
 47
 Willeford next contends that his rights under the Fourth Amendment were violated on the grounds that government agents who followed him from Tulsa, Oklahoma to Ft. Worth, Texas stopped his vehicle without the necessary articulable suspicion, searched the vehicle without valid consent or probable cause, then coerced him into signing a consent to search his warehouse, which the government agents searched on the basis of the consent, and without a warrant. Willeford concedes that no Fourth Amendment issue was raised before the district court either on a motion to suppress prior to trial or by way of objection to the admission of evidence at trial. Because of Willeford's failure to raise the issue at trial it cannot be reviewed except on the basis of plain error. Despite Willeford's argumentative construction of the facts, his signed consent and the stop of his vehicle under the circumstances do not support an argument that Willeford's Fourth Amendment rights were violated on any basis. Certainly no plain error appears on the face of the record.
 
 
 48
 Issue (5).
 
 
 49
 Finally, Willeford invokes the "open sesame" tactic of claiming ineffective assistance of counsel to obtain a review on the merits of virtually every issue discussed above. Specifically, Willeford argues that his trial counsel was ineffective on the following grounds:
 
 
 50
 (1) Failure to object to the Court's failure to instruct the jury as to hearsay evidence and who it can be used against, the result of the trial would have been different.
 
 
 51
 (2) Failure to object to the PSI and false statement of U.S. Attorney Ward at sentencing resulted in disparity of sentences between the co-defendants on same evidence.
 
 
 52
 (3) Failure to move for evidentiary hearing to suppress the illegally obtained evidence from defendant-appellant's warehouse.
 
 
 53
 (4) Failure to research the statements and challenge the indictment before defendant-appellant (Willeford) was tried.
 
 
 54
 (5) Failure to inform defendant-appellant (Willeford) as to the importance of the PSI and what it was truely [sic] used for in sentencing and parole hearings.
 
 
 55
 Brief at 19 (emphasis in original). Under the two-part test of Strickland v. Washington, 466 U.S. 668, reh'g denied, 467 U.S. 1267 (1984), an "appellant must show both that his attorney's performance fell below an objective standard of reasonableness and that, but for the counsel's inadequacies, the result of the proceedings would have been different." Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir.1991); see United States v. Treff, 924 F.2d 975, 979-80 (10th Cir.1991). The question under the first part of the Strickland test is whether the attorney rendered "reasonably effective assistance." Strickland v. Washington, 466 U.S. at 687. Under the second (prejudice) prong, the defendant must show there is a reasonable probability that, but for counsel's errors, the outcome would have been different. Failure to satisfy either prong with defeat an ineffective assistance of counsel claim. Tapia v. Tansy, 926 F.2d at 1564.
 
 
 56
 As discussed above, the district court ruled against Willeford on this issue on the ground that he was required to assert his ineffective assistance of counsel claim on direct appeal and is therefore precluded from raising the issue in a section 2255 proceeding. In United States v. Beaulieu, --- F.2d ----, ---- (10th Cir.1991), we recently held that the "preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. Sec. 2255." However, we also recognized that failure to bring an ineffectiveness claim on a direct appeal bars the claim in collateral proceedings where the defendant is not represented on direct appeal by trial counsel and "it is evident that resolution of the ineffectiveness claim would not be substantially aided by further development of the record." Id. at ----. This exception applies to Willeford's arguments regarding coconspirator testimony, the testimony of Brian Norman, and the sufficiency of the indictment, items (1) and (4) above. The record was complete on those issues on direct appeal. More importantly, we have already held that the trial court proceeded correctly with respect to the testimony in question, and that the indictment was proper. Based on those rulings it is impossible that counsel could have been ineffective on those subjects.
 
 
 57
 With respect to the presentence report and the sentencing hearing, items (2) and (5) above, the district court erred in holding that Willeford was required to raise an ineffectiveness claim on direct appeal. However, the error does not require remand for further consideration of the point since the district court did address these issues on their merits in its order of September 17, 1990. R.Vol. I, Tab 93. The district court's findings with respect to the merits of Willeford's allegations on this subject, together with the record, convince us that Willeford has not and cannot satisfy the prejudice prong of Strickland on the point. That is, we are satisfied that Willeford's sentence would have been the same absent the mistake by the assistant U.S. attorney in referring to methamphetamine, and absent the few items which Willeford claims are inaccuracies in the presentence report. We have explained our reasoning on this subject under issue (1), above.
 
 
 58
 However, with respect to Willeford's assertion that his trial counsel was ineffective by failing to raise a Fourth Amendment claim with respect to evidence obtained from Willeford's warehouse, item (3) above, the result must be different. The district court did not address the merits of this assertion, nor can we review the merits on the basis of the record before us. Willeford's habeas petition is his first opportunity to present the factual basis for this assertion to the district court. He should be allowed to do so.
 
 
 59
 Accordingly, we REVERSE the district court's determination with regard to this single issue, and REMAND for further proceedings consistent with this opinion. We AFFIRM the district court's order in all other respects.
 
 ATTACHMENT
 UNITED STATES COURT OF APPEALS
 FOR THE TENTH CIRCUIT
 No. 86-2043
 
 60
 (D.C. No. 85-CR-149-C)
 
 
 61
 (N.D.Okla.)
 
 
 62
 Aug. 25, 1987.
 
 ORDER AND JUDGMENT
 
 63
 Before MOORE and SETH, Circuit Judges, and ALLEY, District
 
 
 64
 Judge.*
 
 
 65
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.2. The cause is therefore ordered submitted without oral argument.
 
 
 66
 A jury convicted the defendant, Lathan E. Willeford, of conspiracy to manufacture amphetamine and interstate travel in aid of racketeering. On appeal from these convictions, the defendant urges five grounds for reversal. First, he argues that the district court erred in admitting statements made by the defendant and his coconspirator. Second, he argues that the district court should not have allowed the testimony of the government's paid informant. Third, he contends that the district court erred when it admitted invoices showing the amount of chemicals and equipment purchased by the defendant and his coconspirator. Fourth, he alleges that prosecutorial misconduct occurred in the government's opening statement and closing argument. Finally, the defendant argues that the indictment upon which he was charged was defective.
 
 
 67
 The defendant's first argument involves the district court's decision to allow the government's witness, Brian Norman, to testify as to statements that the defendant and his coconspirator made in Mr. Norman's presence. Before allowing the testimony, the district court held a hearing outside of the presence of the jury. The district court found by a preponderance of the evidence that the government had introduced substantial, independent evidence that (1) a conspiracy existed, (2) the declarant of the statement and the defendant were members of the conspiracy, and (3) the statement was made in the course of and in furtherance of the conspiracy. United States v. Petersen, 611 F.2d 1313 (10th Cir.1979), cert. denied, 440 U.S. 905 (1980); United States v. Andrews, 585 F.2d 961 (10th Cir.1978). Based on this finding, the district court determined that the statements of the coconspirator were admissible. Fed.R.Evid. 801(d)(2)(E).
 
 
 68
 Our review of the record convinces us that the district court's finding was neither clearly erroneous nor contrary to law. The statements of the coconspirators were properly admitted.
 
 
 69
 The defendant's next argument is that his conviction should be reversed because the government elicited the testimony of a "contingency fee" witness, namely Mr. Norman. The defendant relies on the case of Williamson v. United States, 311 F.2d 441 (5th Cir.1962), to support this argument. In Williamson, the Fifth Circuit overturned the defendant's conviction because the government had promised to pay its informant a certain amount of money to "catch" specific individuals.
 
 
 70
 The entrapment aspects of the government's arrangement in Williamson, of great concern to the Fifth Circuit, are absent from the present case. Moreover, the record indicates that Mr. Norman was not paid to "catch" the defendants, but rather to provide information about the defendants' activities. Therefore, Williamson, a case which should be limited to its facts, United States v. Gomez, 810 F.2d 947, 957 (10th Cir.), cert. denied, 107 S.Ct. 2488 (1987), does not indicate that reversal would be appropriate in this case. Furthermore, the district court judge and both parties alerted the jury to Mr. Norman's fee arrangement. Any effect that the arrangement may have had on Mr. Norman's credibility was for the jury to weigh. See id. at 952 n. 3.
 
 
 71
 The defendant raises his third and fourth arguments for the first time on appeal. The third argument involves the district court's decision to admit invoices that Mr. Norman had prepared when the defendant and his coconspirator purchased chemicals and equipment from the supply store that Mr. Norman operated. We are persuaded that the invoices were relevant, and admissible pursuant to Fed.R.Evid. 803(6), and their admission could not constitute plain error that affected the defendant's substantial rights. Fed.R.Crim.P. 52(b); United States v. Pilling, 721 F.2d 286, 295 (10th Cir.1983).
 
 
 72
 The defendant's fourth argument, that the prosecution was guilty of misconduct in his opening and closing statements, is entirely without merit. None of the alleged transgressions pointed to by the defendant rise to the level of plain error. United States v. Young, 470 U.S. 1, 14-16 (1985). The prosecutor's comments were not "enough to influence the jury to render a conviction on grounds beyond the admissible evidence presented." United States v. Dickey, 736 F.2d 571, 576 (10th Cir.1984), cert. denied, 469 U.S. 1188 (1985).
 
 
 73
 Finally, we need not review the defendant's final argument that his indictment was defective. Because the defendant did not raise this alleged problem before the district court, he waived his objection to the indictment. Fed.R.Crim.P. 12(b)(2), (f).
 
 
 74
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 75
 The mandate shall issue forthwith.
 
 ENTERED FOR THE COURT
 PER CURIAM
 ATTACHMENT
 UNITED STATES COURT OF APPEALS
 FOR THE TENTH CIRCUIT
 No. 88-1134
 
 76
 (D.C. No. 85-CR-149-C)
 
 
 77
 (N.D.Okla.)
 
 
 78
 June 28, 1988.
 
 ORDER AND JUDGMENT
 
 79
 Before ANDERSON, SETH, Circuit Judges, and CAMPOS, District
 
 
 80
 Judge.*
 
 
 81
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.
 
 
 82
 Following a jury trial, defendant was convicted of conspiracy to manufacture, possess, and distribute amphetamines in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and interstate travel in aid of racketeering in violation of 18 U.S.C. Sec. 1952. He was sentenced to eight years imprisonment on the Title 21 violations and concurrent sentences of five years imprisonment on each of the Title 18 violations.
 
 
 83
 The convictions were affirmed on direct appeal. United States v. Willeford, Unpublished No. 86-2043 (10th Cir. filed August 25, 1987). Defendant then filed a motion to correct sentence pursuant to Fed.R.Crim.P. 35(a). He alleged that pursuant to 21 U.S.C. Sec. 812(A)(1) amphetamines were Schedule III drugs not Schedule II and, therefore, he was wrongfully convicted of violating 21 U.S.C. Secs. 841 and 846. Because five years is the maximum sentence which can be imposed following conviction of a violation involving a Schedule III drug, defendant alleged that his sentence of eight years was illegal. Defendant also alleged that the indictment failed to state an offense as to the violations of 18 U.S.C. Sec. 1952. The district court denied relief and defendant appealed.
 
 
 84
 On appeal, defendant argues that amphetamines were improperly rescheduled as Schedule II drugs because the attorney general "did not subdelegate the powers vested in him by the 1984 amendment" to the Drug Enforcement Agency and, therefore, that agency did not have the requisite authority to reschedule drugs.
 
 
 85
 Amphetamines were upgraded to Schedule II July 7, 1971. See 36 Fed.Reg. 12734 (1971). Prior to that date, the attorney general had delegated authority to reschedule drugs to the director of the Bureau of Narcotics and Dangerous Drugs. See 28 C.F.R. Sec. 0.100 (1971). Defendant's argument is without merit.
 
 
 86
 Defendant also argues that the indictment failed to "state an offense" as to the charged violations of 18 U.S.C. Sec. 1952. Although the challenge that an indictment fails to state an offense may be raised at any time, tardily challenged indictments will be construed liberally in favor of validity. United States v. Freeman, 813 F.2d 303, 304 (10th Cir.1987); United States v. Pheaster, 544 F.2d 353, 361 (9th Cir.1976), cert. denied, 429 U.S. 1099 (1977). The indictment here "tracks the language of the statute and sufficiently sets forth the elements of the crime charged." United States v. Wexler, 621 F.2d 1218, 1223 (2d Cir.), cert. denied, 449 U.S. 841 (1980). Thus, this argument is also without merit.
 
 
 87
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 88
 The mandate shall issue forthwith.
 
 ENTERED FOR THE COURT
 PER CURIAM
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government has not argued that the Frady standard should apply. In its brief on this appeal, the government did cite to our decision in United States v. Hall, but for the proposition that Willeford could not now raise issues (2) through (5). Hall simply does not stand for such a proposition
 
 
 *
 Honorable Wayne E. Alley, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 *
 The Honorable Santiago E. Campos, Chief Judge, United States District Court for the District of New Mexico, sitting by designation