UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-5004

DAVID HILL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-01-191-A)

Submitted: September 24, 2003

Decided: October 15, 2003

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Craig W. Sampson, LAW OFFICE OF CRAIG W. SAMPSON, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Steven D. Mellin, Assistant United States Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Hill appeals his conviction of several charges arising out of the robbery of three banks in the Eastern District of Virginia. The indictment charged Hill with conspiracy to commit offenses against the United States, 18 U.S.C. § 371 (2000), three counts of armed bank robbery, 18 U.S.C. § 2113(a), (d) (2000), and three counts of use of a firearm in a crime of violence, 18 U.S.C. § 924(g) (2000). After a trial, the jury found Hill guilty on all counts. Hill noted a timely appeal. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel challenges the district court's dismissal without an evidentiary hearing of Hill's motion to amend, in which he asserted the transcript of the district court's hearing regarding his refusal to comply with the grand jury subpoena was altered. Counsel also asserts the district court erred in denying Hill's Fed. R. Crim. P. 29 motion to dismiss the charges because the Government failed to establish the banks were federally insured, an element of the crime of bank robbery. Hill filed a pro se supplemental brief that raised nine additional issues. Finding no merit to any of these claims of error, and discovering no other reversible error in our review of the record, we affirm the convictions and sentences.

Hill asserts the district court had no evidentiary basis for denying his motion to amend judgment, styled as a motion under Fed. R. Civ. P. 60(b), and the issue should be remanded for further proceedings. The Federal Rules of Civil Procedure are not the vehicle by which Hill may challenge his criminal judgment. *See United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (finding that Rule 60(b) of the Federal Rules of Civil Procedure does not provide for relief from criminal judgment). Other Circuits treat a motion pursuant to Fed. R. Civ. P. 60(b) filed in a criminal case as a motion for a new

trial under Fed. R. Crim. P. 33. *See United States v. Graciani*, 61 F.3d 70, 77 (1st Cir. 1995); *United States v. Taglia*, 922 F.2d 413, 415 (7th Cir. 1991). Even if treated as a motion for a new trial, Hill's motion makes only conclusory assertions that the transcript was altered. A transcript certified by a court reporter "shall be deemed prima facie a correct statement of the testimony taken and the proceedings had." 28 U.S.C. § 753(b) (2000). A defendant's bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct. *United States v. Zammiello*, 432 F.2d 72, 73 (9th Cir. 1970). We find the district court did not abuse its discretion in denying Hill's motion. *See United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995).

Hill next asserts that he was entitled to a new trial because the Government failed to establish the deposits of the banks he robbed were insured by the Federal Deposit Insurance Corporation (FDIC). The Government entered into evidence certificates demonstrating the deposits of each bank were insured by the FDIC. An employee from each bank testified the bank was so insured. Testimony from a bank employee that the deposits are insured by the FDIC is sufficient evidence from which the jury may conclude the bank was insured at the time of the robbery. *See United States v. Gallop*, 838 F.2d 105 (4th Cir. 1988). We find the Government introduced sufficient evidence that the banks' deposits were federally insured.

In his pro se supplemental brief, Hill asserts: (1) the warrant issued for Hill's arrest relied on a false statement in the affidavit; (2) Hill was extradited from Red Onion State Prison in Pound, Virginia, to Alexandria, Virginia, for trial in violation of the Extradition Act; (3) the Government failed to comply with the Interstate Agreement on Detainers Act by failing to bring Hill to trial in 180 days; and (4) the Government, the court, and the jury pool conspired to fix Hill's guilty verdicts and sentence prior to the commencement of trial. Based on our review of the record, we find these claims to be meritless.

Hill also contends his Fourth, Fifth, and Sixth Amendment rights were violated by the grand jury proceedings and the district court's hearing regarding his failure to comply with the grand jury subpoena. Hill has raised no meritorious issues challenging the propriety of the grand jury subpoena duces tecum requiring he provide a cheek swab

and head hair, the grand jury proceeding or the hearing before the district court. *See United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297 (1991); *United States v. Calandra*, 414 U.S. 338, 343 (1974); *United States v. Dionisio*, 410 U.S. 1, 9 (1972); *In re Grand Jury Subpoena*, 920 F.2d 235, 244 (4th Cir. 1990); *Schmerber v. California*, 384 U.S. 757, 761 (1966).

Hill contends the district court erred in not severing the three substantiative counts of bank robbery from the conspiracy count and each other. We find the counts were properly joined. Fed. R. Crim. P. 8(a).

Hill next asserts the district court erred in allowing the admission of bad character evidence in violation of Fed. R. Evid. 404(b). Hill cannot complain of evidence solicited by his attorney on cross-examination. *See United States v. Neal*, 78 F.3d 901, 904 (4th Cir. 1996). We find this claim of error to be meritless.

Hill finally complains that the Government improperly argued to the jury that the evidence could be considered as a whole, and the district court did not remedy this error. He also asserts the court's conspiracy instruction was error because the jury was informed it could consider accumulated the evidence. The court instructed the jury on the elements of each count, the duty to weigh the evidence and the testimony of the witnesses, and the Government's burden to prove Hill's guilt as to each count. The court also instructed the jury that the court's instructions were the proper statement of the law, and the jury was not bound by counsel's statements of the law during closing arguments. The instructions taken as a whole fairly stated the controlling law. *United States v. Bostain*, 59 F.3d 474, 480 (4th Cir. 1995). We find these claims to be without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hill's convictions and sentences. We deny Hill's motion to substitute counsel and his motion for general relief, in which he sought to exclude copies of FDIC insurance certificates provided by the Government.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*