## WESTFALL *v.* UNITED STATES.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 766. Argued March 8, 9, 1927.—Decided May 16, 1927.

1. Section 9 of the Federal Reserve Act, as amended June 21, 1917, is constitutional in so far as it provides that state banks which have joined the Federal Reserve System, their officers, etc., shall

be subject to the penalties of Rev. Stats. § 5209, which punishes misapplications, etc.; of a bank's funds.  P. 258.

2. The acts thus made criminal may be punishable also under the laws of the State.  P. 258.

3. It is not a condition to the power of Congress to punish such acts that they result in any loss to the Federal Reserve Banks.  P. 258.

4. When necessary in order to prevent an evil, the law may embrace more than the precise thing to be prevented.  P. 259.

5. Congress may employ state corporations, with their consent, as federal instrumentalities and make frauds that impair their efficiency crimes.  P. 259.

RESPONSE to a question certified by the Circuit Court of Appeals arising upon a review of convictions under indictments for aiding and procuring misapplication of state bank funds and conspiracy to misapply them.

*Mr. D. S. Face,* with whom *Mr. Harry D. Jewell* was on the brief, for Westfall.

*Solicitor General Mitchell,* with whom *Assistant Attorney General Luhring, Mr. Harry S. Ridgely,* Attorney in the Department of Justice, and *Mr. Walter Wyatt,* General Counsel, Federal Reserve Board, were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

Westfall was convicted under two indictments, the first of which charged him with aiding and procuring the branch manager of a State bank which was a member of the Federal Reserve System to misapply the funds of the bank.  The second indictment charged a conspiracy to misapply the funds of the bank between the same and other parties.  Both were based upon the issuing a fraudulent certificate of deposit for ten thousand dollars and the paying the same from the funds of the bank.  The Circuit Court of Appeals for the Sixth Circuit certifies this

question: " Is the provision of section 9, chapter 6, of the Federal Reserve Act of December 23, 1913 [38 Stat. 259, 260,] as amended June 21, 1917 [c. 32, §3; 40 Stat. 232,] and July 1, 1922 constitutional in so far as it provides that 'such banks and the officers, agents and employees thereof shall also be subject to the provisions of and the penalties prescribed by Section 5209 of the Revised Statutes?'" The amendment of July 1, 1922, referred to is, we presume, c. 274; 42 Stat. 821. It has no immediate bearing upon the question propounded and as it is not relied upon in argument we shall leave it on one side.

It is not disputed that Rev. Stat. §5209, if applicable, punishes the bank manager, and those who aided and abetted him in his crime. *Coffin* v. *United States*, 156 U. S. 432, 447. The argument is that Congress has no power to punish offences against the property rights of State banks. It is said that the statute is so broad that it covers such offences when they could not result in any loss to the Federal Reserve Banks, and it is suggested that if upheld the Act will invalidate similar statutes of the States. This argument is well answered by *Hiatt* v. *United States*, 4 F. (2d) 374, 377. Certiorari denied. 268 U. S. 704. Of course an act may be criminal under the laws of both jurisdictions. *United States* v. *Lanza*, 260 U. S. 377, 382. And if a state bank chooses to come into the System created by the United States, the United States may punish acts injurious to the System, although done to a corporation that the State also is entitled to protect. The general proposition is too plain to need more than statement. That there is such a System and that the Reserve Banks are interested in the solvency and financial condition of the members also is too obvious to require a repetition of the careful analysis presented by the Solicitor General. The only suggestion that may deserve a word is that the statute applies indifferently

whether there is a loss to the Reserve Banks or not.    But every fraud like the one before us weakens the member bank and therefore weakens the System.    Moreover, when it is necessary in order to prevent an evil to make the law embrace more than the precise thing to be prevented it may do so.    It may punish the forgery and utterance of spurious interstate bills of lading in order to protect the genuine commerce. *United States* v. *Ferger,* 250 U. S. 199.    See further, *Southern Ry. Co.* v. *United States,* 222 U. S. 20, 26.    That principle is settled.    Finally, Congress may employ state corporations with their consent as instrumentalities of the United States, *Clallam County* v. *United States,* 263 U. S. 341, and may make frauds that impair their efficiency crimes. *United States* v. *Walter,* 263 U. S. 15.    We answer the question:                                             *Yes.*