### STATE v BALDWIN et

Common Pleas Court, Cuyahoga Co

Decided July 24, 1934

Boyd, Brooks & Wickham, Cleveland, for defendants.

Frank T. Cullitan, prosecuting attorney, Chas. J. McNamee and Henry S. Brainard, asst. prosecuting attorneys, Cleveland, for the state.

### OPINION

By KRAMER, J.

Wilbur M. Baldwin and Kenyon V. Painter, defendants, herein by plea in

abatement ask this court to quash this prosecution against them and to grant them their discharge.

The plea challenges the jurisdiction of this court over the subject matter of the indictment. It appears that the Union Trust Company was a bank organized and existing under the laws of the state of Ohio, commonly called a state bank. It was also a member of the Federal Reserve System. The acts for which these defendants have been indicted under the law of the state of Ohio are also defined as offenses against the law of the United States applicable to bank officials of Federal Reserve banks. It is contended that under these circumstances, jurisdiction for this prosecution is exclusively in the Federal courts. In other words, the defendants contend that when a bank, organized and existing under the laws of the state of Ohio, elects to become a member of the Federal Reserve System, the state is deprived of jurisdiction to punish the officials of such bank for violations of the penal sections of the state banking laws, when the same acts are defined as offenses against the laws of the United States.

This proposition is not only novel, in that it has never before, apparently been presented directly to any court, but it is startling. If it were the law, it would mean that a state bank, organized and existing by virtue of the laws of that state, could by its own act place itself, insofar as the penal banking laws of the state were concerned, outside the jurisdiction and control of the state to which it owes its existence.

In the opinion of the court, this contention finds no support in the law; no case is cited in which the jurisdiction of a state court over a state bank is denied. The sovereign states delegated to the United States exclusive jurisdiction in certain enumerated cases (United States Code Title 28. Sec. 371) such as violations of laws of the United States, admiralty, patent rights, bankruptcy, etc.; not however, banks and banking. In all other cases the dual sovereignty of the state and the United States continues to exist.

"The general proposition is too plain to need more than statement" (Justice Holmes in Westfall v United States, 274 U. S. 256).

The Westfall case (supra) is decisive against the defendants' contentions herein. That case (decided May 16, 1927) holds:

Syl. 1. Section 9 of the Federal Act, as amended June 21, 1917, is constitutional insofar as it provides that state banks which have joined the Federal Reserve System, their officers, etc., shall be subject to the penalties of Rev. Stat. 5209, which punishes misapplications, etc., of a bank's funds, page 258.

Syl. 2. The acts thus made criminal may be punishable also under the laws of the state.

In the opinion Justice Holmes says (page 258):

"* * * it is suggested that if upheld, the act will invalidate similar statutes of the states. This argument is well answered by Hiatt v United States, 4 F. (2d) 374, 377. Certiorari denied. 268 U. S. 704. Of course an act may be criminal under the laws of both jurisdictions. United States v Lanza, 260 U. S. 377, 382. And if a state bank chooses to come into the system created by the United States, the United States may punish acts injurious to the system, although done to a corporation that the state also is entitled to protect. The general proposition is too plain to need more than statement."

This case obviates the necessity of any further discussion which otherwise the masterly brief of defendants' counsel, Boyd, Brooks & Wickham, would merit. Such discussion is had in the excellent brief of the prosecutor, Frank Cullitan and his assistants, Charles J. McNamee and Henry S. Brainard, with the conclusions of which the court is in accord.

The ruling of the court is: Plea in abatement overruled. Defendants' exceptions noted.