## UNITED STATES v. BROOKS et ux.

### No. 27.

District Court, W. D. Washington, S. D.
Aug. 21, 1939.

J. Charles Dennis, U. S. Dist. Atty., and Oliver Malm, Asst. U. S. Dist. Atty., both of Tacoma, Wash.

O. M. Nelson, of Montesano, Wash., for defendants.

YANKWICH, District Judge.

The United States Government has sued the defendants to recover upon a promissory note for $574.90 executed by them to a national bank and assigned to the Government. The note represents credits extended to the defendants under the provisions of Title I of the National Housing Act, 12 U.S.C.A. § 1702 et seq.

The defendants have challenged the constitutionality of the enactment. Their counsel have filed a brief and supplemented it with a written treatise on "the evil of private banking".

 The right of the congress to confer powers on private banks, to regulate them, and to legislate and appropriate money for general welfare, are so well recognized, that to enter, as do the defendants, into a discussion of whether the Government should be the sole banker, is not even of academic interest. See Westfall v. United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036; Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577; Langer v. United States, 8 Cir., 76 F.2d 817; United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A. L.R. 914; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Oklahoma City v. Sanders, 10 Cir., 94 F.2d 323, 115 A.L.R. 363; Reconstruction Finance Corp. v. Central Republic

Trust Co., D.C., 17 F.Supp. 263. See the writer's discussion of general welfare in Rieder v. Rogan, D.C., 12 F.Supp. 307.

■ If aiding business establishments and farmers, through loans, is within the ambit of governmental authority, aids to improve housing certainly are. For, in these days of congestion of population, nothing is more conducive to the health and contentment of the community than proper housing.

■ Whether the policy involved should or should not be followed by the Government is a matter of legislative, and not of judicial, concern.

■ So that, in the last analysis, the question involved is simple. The defendants borrowed money from a national bank. The bank assigned their promissory note to the United States Government. The defendants having received the benefits of the money, and not having repaid it, are not in a position to question the right to be sued for it. The loan was not forced on them, but sought by them.

■ And in the absence of limitation or illegality in the contract, a person cannot, in equity and conscience, decline to repay money which he has borrowed or which has been spent for his benefit, at his solicitation.

Were it otherwise and were the defendants allowed to enrich themselves unjustly at the expense of others by repudiating a lawful debt, lawfully contracted, well might we ask with the great poet:

"Upon what meat doth this our Caesar feed,
    That he is grown so great?"

The bill of complaint states a claim against the defendants.

The motion to dismiss it will be denied.