CLARK v. UNITED STATES.

No. 4090.

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1950.

Judd L. Black, Oklahoma City, Okl., for appellant.

Robert E. Shelton, U. S. Atty., and Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal by James Clark from an order of the United States District Court for the Western District of Oklahoma denying his motion to vacate a judgment and sentence previously entered by that court.

In January, 1935, Clark entered a plea of guilty to an indictment containing two counts charging violations of 12 U.S.C.A. §§ 588b and 588c, now 18 U.S.C.A. § 2113. Count I alleged facts constituting aggravated bank robbery under 588b. Count II alleged, in addition to the facts contained in Count I, that Clark and his co-defendant through the display and use of fire arms forced certain employees of a national bank to accompany them to avoid apprehension in violation of 588c. Clark was sentenced to imprisonment for a term of twenty years and to pay a fine of $5000.00 on the first count and imprisonment for a term of ninety-nine years on the second count, the two sentences to run concurrently. The sentence imposed on Count I, allowing statutory good time, has now been served.

As grounds to vacate the sentence imposed on Count II, it is contended: 1. That Section 588c does not define offenses separate and distinct from those named in 588b but merely provides a different degree of the same crime and includes the offense defined in that section and that when the acts constituting a violation of both sections are part of the same transaction there can be only one sentence; 2. That 588c is unconstitutional. Shortly after this appeal was taken, we decided in Ward v. United States, 10 Cir., 183 F.2d 270, that 588c defined offenses separate and distinct from those in 588b for which separate sentences could be given. We adhere to the views expressed in that case. See also Casebeer v. United States, 10 Cir., 87 F.2d 668, certiorari denied Casebeer v. Hudspeth, 316 U.S. 683, 62 S.Ct. 1272, 86 L.Ed. 1755; Gilmore v. United States, 10 Cir., 124 F.2d 537, certiorari denied 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738.

As to the second point, it is urged that 588c is an unwarranted usurpation of authority by Congress and an interference with the exercise of the police powers of the individual states in violation of the Tenth Amendment to the Constitution.[1] We find no merit in this contention.

It has long been recognized that the Constitution authorized full and complete federal activity in the banking field. In Hudspeth v. Melville, 10 Cir., 127 F.2d 373, this court held that Article I, Section 8, authorized the establishment of

---

1. Tenth Amendment: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

national banks, bank depositories and other financial agencies needed for the fiscal operation of the federal government and that Congress has the power to enact legislation for the protection, preservation and regulation of such institutions and to make criminal those acts which would weaken or impair their efficiency. McCulloch v. State of Maryland, 4 Wheat. 316, 4 L.Ed. 579; Farmers' and Mechanics' National Bank v. Dearing, 91 U.S. 29, 23 L.Ed. 196; Westfall v. United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036; Doherty v. United States, 8 Cir., 94 F.2d 495, 497, certiorari denied 303 U.S. 658, 58 S.Ct. 763, 82 L.Ed. 1117; Weir v. United States, 7 Cir., 92 F.2d 634, 636, certiorari denied 302 U.S. 761, 82 L.Ed. 590. The power of Congress to legislate as it did in Section 588b has never been seriously questioned. Such statutes are applicable to state banks and other banking institutions which are subject to federal regulation and control, for example those insured by the Federal Deposit Insurance Corporation. Curtis v. Hiatt, 3 Cir., 169 F.2d 1019, certiorari denied 336 U.S. 921, 69 S.Ct. 635, 93 L.Ed. 1083; Binkley v. Hunter, 10 Cir., 170 F. 2d 848, certiorari denied 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087; Thornburg v. United States, 10 Cir., 164 F.2d 37. Congress having the power to define the offenses in 588b, it also has the power to make it a crime for an offender to avoid apprehension or to escape from arrest or confinement after the commission of the offense. Murder or kidnapping committed in avoiding or attempting to avoid apprehension for robbing a national bank and escape or attempted escape from arrest or confinement for this offense are all interrelated and may not be simultaneous with the robbery. Time and place of the offense is not the constitutional test, but the relation of the offense to the robbery. As was said in Gilmore v. United States, supra [10 Cir., 124 F.2d 540], "it cannot be said that murder committed in attempting to escape from confinement for the offense of robbing a national bank is so unrelated to the offense of the robbery as to fall beyond the legislative reach of Congress to make penal." No cases have been cited to the contrary and we have found none. Nor would the fact that the act was also a crime under the state law invalidate the statute. An act may be criminal under the law of both jurisdictions. Westfall v. United States, 274 U. S. 256, 258, 47 S.Ct. 629, 71 L.Ed. 1036; United States v. Lanza, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314; Hiatt v. United States, 7 Cir., 4 F.2d 374, 377, certiorari denied 268 U.S. 704, 45 S.Ct. 638, 69 L.Ed. 1167; Weir v. United States, supra. In Hudspeth v. Melville, 10 Cir., [127 F.2d 375], supra, it was said: "a federal statute making criminal an act committed in connection with the operation or conduct of a national bank, a bank depository, or other similar fiscal institution is not open to objection on the ground that such an act already constitutes an offense under the laws of the state, as a single act may be criminal under the laws of both jurisdictions."

Judgment is affirmed.