**Theodore WAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6094.**

United States Court of Appeals
Tenth Circuit.

June 18, 1959.

George Andrew Reichert, Denver, Colo., for appellant.

Charles M. Stoddard, Asst. U. S. Atty., Denver, Colo., for District of Colorado (Donald E. Kelley, U. S. Atty., for District of Colorado, Denver, Colo., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Theodore Way, was indicted, tried, convicted and sentenced in the United States District Court for the District of Colorado. He was charged with violation of 18 U.S.C.A. § 2113(b).[1] His appeal raises a single question which is stated by appellant to be, "Does the Federal Government have jurisdiction over a person under Title 18 U.S.C.A. § 2113 (b) by a mere showing of a felonious taking of money from a state bank, not on deposit, the deposits of which are insured by the Federal Deposit Insurance Corporation."

The facts necessary to consider this question are these. The University

---

1. "Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; * * *".

Hills Bank was a state bank incorporated under Colorado law. Its deposits were insured by the Federal Deposit Insurance Corporation. Appellant was a self-employed janitor, having the bank as one of his customers. He performed his work in the early morning hours before the bank would open. When arrested, there was found in his possession $209.-00, property of the bank. This money had been marked and placed in a teller's vault by the arresting officer. In his possession was also found a key which unlocked the particular vault in which this money had been found.

■ The contention is that before 18 U.S.C.A. § 2113(b) has application, there must be a showing that the act complained of injured or tended to injure the Federal Deposit Insurance Corporation. From this, it is argued that since the funds stolen from the bank were the bank's own money and not a deposit, no loss resulted to the Federal Deposit Insurance Corporation. We think this is a strained construction not contemplated by the plain wording of 18 U.S.C.A. § 2113(b). Insofar as material here, Section 2113 has application to crimes therein defined against "any bank." Subsection (f) of Section 2113[2] brings a state bank insured by the Federal Deposit Insurance Corporation within the protection of the penal provisions of Section 2113(b). Such a state bank is a bank as defined in Section 2113(b). If one commits an act against such a bank which is defined as a crime in Section 2113(b), he is guilty to the same extent as though the act had been committed against a federal bank.

■ Since, by virtue of Subsection (f), the University Hills Bank is for the purpose of Section 2113(b) a part of the federal banking system, we look to Sub-section (b) alone to ascertain whether the act charged against appellant constituted a crime thereunder. A casual reading thereof makes it clear that the section is not limited to stealing or misappropriation of deposits. In clear language, it makes it an offense to take and carry away, "with intent to steal or purloin, any[3] property * * * or any other thing of value * * * belonging to, or in the care, custody, control, * * of any bank * * *."

■ The purpose of this penal statute was to safeguard the stability and integrity of federal banks. Their stability and integrity could be endangered as much by stealing assets belonging to the bank as stealing deposits therefrom. In Westfall v. United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036, the Supreme Court said that the statute "applies indifferently whether there is a loss to the Reserve Banks or not." It said that every fraud "like the one before us weakens the member bank and therefore weakens the System." In United States v. Harter, 7 Cir., 116 F.2d 51, the court held that any forbidden act was an offense even though it did not affect any funds or credits which were insured by the Federal Deposit Insurance Corporation.[4]

■■ By the passage of Section 2113(b), Congress intended more than the protection of the Federal Deposit Insurance Corporation from loss because of insured bank deposits. Its purpose was to protect and safeguard the financial stability of the Federal Reserve Bank System and the members thereof. We have no difficulty in concluding that the acts of which appellant was convicted constituted a violation of 18 U.S.C.A. § 2113(b).

Affirmed.

2. "As used in this section the term 'bank' means * * * any bank the deposits of which are insured by the Federal Deposit Insurance Corporation."

3. Emphasis supplied.

4. See also Weir v. United States, 7 Cir., 92 F.2d 634, 114 A.L.R. 481.