**Larry Edward STEAD, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 71 C 771(1).**

United States District Court,
E. D. Missouri, E. D.

Dec. 21, 1971.

**480**

Larry Edward Stead, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is pending on motion of petitioner to set aside the judgment and sentence of this Court in cause No. 68 Cr 279(2), under the provisions of 28 U.S.C. § 2255. This is the second motion under 28 U.S.C. § 2255. The first motion is numbered 70 C 363(2).

The petitioner complains in this case: (1) that there was insufficient evidence on which to support a conviction, for the reason that there was no evidence to show that there was in fact money and property belonging to and in the care, custody, and control of the Jefferson Savings and Loan Association; and (2) 18 U.S.C. § 2113(a) is unconstitutional in that it creates a discrimination between those who enter or attempt to enter a bank with intent to commit larceny and those who actually enter and complete a larceny.

 Both matters which petitioner raises should have been raised at the time of trial or on the appeal and this matter could be dismissed for that reason. However, the court will briefly discuss the merits of petitioner's contentions. As to ground No. 1, it is not necessary that the Government show that there was, in fact, money or property belonging to the Savings and Loan Association in order to make out the elements of this offense. The essential elements of this crime consist of the following: (a) that the deposits kept in the Jefferson Savings and Loan Association were insured by the Federal Savings and Loan Insurance Corporation, and (b) that the defendant on the day in question attempted to enter the Savings and Loan Association, and (c) that at the time defendant entered or attempted to enter the Savings and Loan Association, he intended to take money and property belonging to and in the care, custody, and control of the Savings and Loan Association. Whether or not there was, in fact, any money is not an essential element of the crime.

As to the second ground, this statute has been held constitutional on a number of occasions. See the following cases: Mosco v. United States, 301 F.2d 180 (9th Cir. 1962), cert. den. Hansen v. United States, 371 U.S. 842, 83 S.Ct. 72, 9 L.Ed.2d 78 (1962); Pope v. United States, 398 F.2d 834 (5th Cir. 1968), cert. den. 393 U.S. 1097, 89 S.Ct. 886, 21 L.Ed.2d 787 (1969).

The original conviction in this case was affirmed by the United States Court of Appeals for the Eighth Circuit, 422 F.2d 183 (1970), cert. den. 397 U.S. 1080, 90 S.Ct. 1534, 25 L.Ed.2d 816 (1970). Accordingly, this cause will be dismissed.