UNITED STATES of America,

v.

Rudy Franklin HOMAN, Movant.

No. 77–315–C.

United States District Court,
E. D. Oklahoma.

Sept. 27, 1977.

ORDER

DAUGHERTY, District Judge.

The above-named movant was convicted by a jury of entering The City Bank at Muskogee, Oklahoma, which bank was insured by the Federal Deposit Insurance Corporation with an intent to commit therein a felony, namely, the taking of money belonging to the bank, in violation of 18 U.S.C. § 2113(a). After his conviction he perfected an appeal which raised three points:

1. A misnaming of the bank in the Indictment resulting in a variance in the Indictment and evidence adduced at trial, the evidence showing that the correct name of the bank was "City Bank" and not "City National Bank" as alleged in the Indictment;

2. Insufficient evidence of a felonious intent;

3. Improper admission of testimony from an F.B.I. Agent who had interviewed the movant shortly after he was taken into custody.

The appeals court determined that none of these matters had merit and affirmed the judgment and sentence of this court.

In a Motion which he has presented to the court pursuant to Section 2255 of Title 28, United States Code, the movant now claims that his conviction should be set aside on the following grounds:

1. "Ineffective assistance of counsel".

2. "Trial court lacked jurisdiction".

3. "The statutes under which the conviction was obtained was unconstitutional".

■ To consider movant's contention in inverse order reveals the frivolous nature of his arguments. First, the statute is not unconstitutional. *Mosco v. United States*, 301 F.2d 180 (CA9 1962), cert. denied, *Hansen v. United States*, 371 U.S. 842, 83 S.Ct. 72, 9 L.Ed.2d 78 (1962); *Pope v. United States*, 287 F.Supp. 214 (W.D.Tex.1967), aff'd, 398 F.2d 834 (CA5 1968), cert. denied, 393 U.S. 1097, 89 S.Ct. 886, 21 L.Ed.2d 787. Apparently it is movant's claim that 18

John R. Osgood, Asst. U. S. Atty., Muskogee, Okl., for the United States of America.

Homan, pro se.

U.S.C. § 2113(a) violates the due process and equal protection clauses of the Federal Constitution because it provides a penalty of 20 years imprisonment and the maximum sentence under 18 U.S.C. §§ 655, 656, 657 is five years imprisonment. He asserts:

"Under Title 18, U.S.C., Section 2113(a) felony theft from City Bank perpetrated by a non-associate of the banking community is punishable upon conviction by a possible maximum term of twenty (20) years imprisonment and/or a fine of $5,000. Under Title 18, U.S.C.A., Sections 655, 656 and 657, felony theft from City Bank perpetrated by an associate of the bank or the banking community is punishable upon conviction by a possible maximum term of five (5) years imprisonment and/or a fine of $5,000."

The fallacy of the movant's argument is his assumption that an "associate of the bank or banking community" who committed the identical offense that the movant did could not be tried for a violation of 18 U.S.C. § 2113(a). The statutes referred to simply establish separate offenses with different elements of proof. A member of the so-called "banking community" could as well as movant be convicted of a violation of the second paragraph of 18 U.S.C. § 2113(a) if all elements of the offense could be proven. The definition of offenses and the seriousness with which the various offenses are to be regarded generally is a matter of legislative concern and not the judiciary. *Gallagher v. United States*, 406 F.2d 102 (CA8 1969). There is no classification of offenders under Section 2113(a) and any individual committing the offense is subject to the same punishment. There is no denial of equal protection under the statute. Nor is the statute unconstitutional on the theory that it creates a discrimination between those who enter or attempt to enter a bank with intent to commit larceny and those who actually enter and complete a larceny. See *Stead v. United States*, 336 F.Supp. 479 (E.D.Mo.1971) and *Gallagher v. United States*, supra.

■ Equally non-meritorious is movant's contention that the court was without juris-

diction. The court was not deprived of jurisdiction because the acts which movant committed may also have constituted violations of State law. In treating a similar point in *Westfall v. United States*, 274 U.S. 256, 258, 47 S.Ct. 629, 629, 77 L.Ed. 1036 (1927) Mr. Justice Holmes pointed out:

"Of course an act may be criminal under the laws of both jurisdictions [citation] [a]nd if a state bank chooses to come into the System created by the United States, the United States may punish acts injurious to the System, although done to a corporation that the State also is entitled to protect. The general proposition is too plain to need more than statement. . . ."

The exercise of jurisdiction under the statute is not an interference with the exercise of the police powers of the individual states. *Clark v. United States*, 184 F.2d 952 (CA10 1950), cert. denied, 340 U.S. 955, 71 S.Ct. 566, 95 L.Ed. 688. Nor was jurisdiction lacking because, as asserted by movant, the deposits of the bank were not insured against movant's criminal activity by the F.D.I.C. In *Roberts v. United States*, 472 F.2d 1195, 1196 (CA5 1973) the court stated:

"As the court below held, it is irrelevant that the bank was not insured against burglary. The statute is applicable to any bank insured by the F.D.I.C. and does not specify that it be insured against burglary."

■ It obviously does not constitute the ineffective assistance of counsel as contended by movant that his attorney did not press upon the court the foregoing patently meritless claims. Counsel's duty to his client does not require him to urge upon the court propositions suggested by his client, for which there is no factual or legal foundation. Counsel did submit to the court the Motion to Dismiss prepared by movant, which contained movant's own arguments, for consideration by the court. Movant's jurisdictional argument was then as now without substance and no counsel, however diligent, skilled or scholarly, could have made a rational argument on the law or facts in support thereof.

Movant's further complaint that counsel did not file any pretrial motion which allegedly would have enabled him to discover movant's pretrial statement to the F.B.I. is also unjustified. There is no basis for the movant to claim that he or his counsel were surprised by the statement. The statement was referred to in the original complaint filed July 10, 1974, which was read to movant and a copy furnished to him at the time of his initial appearance before the United States Magistrate on that date. A pretrial motion was not necessary to learn of this statement.

Movant's other allegation concerning counsel generally involved matters of trial strategy. Matters involving merely mistakes of general trial strategy or tactics are not ordinarily considered as sufficient to amount to ineffective assistance of counsel. *Frand v. United States*, 301 F.2d 102 (CA10 1962); *Pope v. United States*, 287 F.Supp. 214 (W.D.Tex.1967). They do not afford a basis for collateral relief. *Walter v. United States*, 386 F.Supp. 309 (W.D.Okl. 1969). Earlier this year our Court of Appeals affirmed once again that:

> "This circuit adheres to the well established principle that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience to the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. *Ellis v. Oklahoma*, 430 F.2d 1352, 1356 (10th Cir., 1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1260, 28 L.Ed.2d 546 (1971). Accord, *United States v. Coppola*, 486 F.2d 882, 887 (10th Cir., 1973), cert. denied, 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974); *Johnson v. United States*, 485 F.2d 240, 241–242 (10th Cir., 1973); *Tapia v. Rodriguez*, 446 F.2d 410, 416 (10th Cir., 1971); *United States v. Davis*, 436 F.2d 679, 681 (10th Cir., 1971); *Linebarger v. State of Oklahoma*, 404 F.2d 1092, 1095 (10th Cir., 1968), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1969); *Goforth v.*

*United States*, 314 F.2d 868, 871 (10th Cir., 1963), cert. denied, 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035 (1963)."

*Gillihan v. Rodriguez*, 551 F.2d 1182, 1187–88 (CA10 1977). Applying these criteria movant was not denied the effective assistance of counsel. The court may take judicial notice that the movant's attorney was an able member of the bar. *Lorraine v. United States*, 444 F.2d 1 (CA10 1971); *Mitchell v. United States*, 432 F.2d 94 (CA10 1970); *United States v. Summerlin*, 298 F.Supp. 929 (M.D.Ala.1969). After review of movant's trial transcript and careful consideration of all the allegations of the movant and recalling the court's own impression of the diligence and ability of counsel at the time of trial, this court cannot declare that the proceedings were a mockery, sham or farce or that the representation was only perfunctory and in bad faith, a sham, pretense or without adequate opportunity for conference and preparation.

Because it plainly appears on the face of the Motion the movant is not entitled to relief the Motion will be summarily denied. 28 U.S.C. § 2255 and Rule 4, Rules Governing Section 2255 Proceedings by the United States District Courts.

IT IS SO ORDERED.