**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth Edward DUNHAM, Defendant–Appellant.**

No. 93–4141
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 24, 1993.

Kenneth Edward Dunham, pro se.

H.S. Garcia and Bob Wortham, U.S. Attys., Sherman, TX, for plaintiff-appellee.

Before POLITZ, Chief Judge, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:

Kenneth Edward Dunham was found guilty by a jury of the offenses of bank robbery by intimidation in violation of 18 U.S.C. §§ 2113(a) and 2. Dunham filed an appeal in which he raised four issues: 1) the sufficiency of the evidence; 2) indictment and evidence variance; 3) the admission of improper identification testimony; and 4) error in the jury instructions. This court affirmed the conviction.

Dunham subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that the district court lacked subject matter jurisdiction over the offense and that he received ineffective assistance of counsel because his attorney consented to the trial of this offense. The district court denied his motion without requiring responsive pleadings. Dunham appeals.

Dunham has abandoned his ineffective assistance of counsel claim by failing to raise it on appeal. *See Hobbs v. Blackburn,* 752 F.2d 1079, 1083 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985). Dunham now contends that the district court lacked jurisdiction over the offense prohibited in 18 U.S.C. § 2113(a). He asserts that the district court lacked jurisdiction over this offense because he was not charged with an offense that was committed on federal property, the high seas, or in Washington, D.C. Additionally, Dunham states that the Constitution authorizes federal district courts to try cases involving offenses committed on federal land, those committed in Washington, D.C., and offenses of treason, but not the offense of robbery of a Pilot Point, Texas, bank. Dunham's argument that the federal government violated his Tenth Amendment rights by trying him for a federal offense when the offense he committed was exclusively a state law violation is frivolous. The Supreme Court has previously addressed this issue. *See Westfall v. United States,* 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036 (1927); *see also Toles v. United States,* 308 F.2d 590, 594 (9th Cir.1962), *cert. denied,* 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66 (1963).

Dunham's argument that the federal courts are without jurisdiction to conduct proceedings regarding the robbery of a federally insured state bank has no arguable basis in law or in fact and is thus frivolous. *Ancar v. Sara Plasma,* 964 F.2d 465, 468 (5th Cir.1992). IT IS ORDERED that Dunham's appeal is DISMISSED as frivolous. *See* 5th Cir.R. 42.2.