82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Homer MASON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6122.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and O'MALLEY, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner moves for pauper status on appeal from a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The Commonwealth of Kentucky charged Jerry Homer Mason with cultivating marijuana. Mason pleaded guilty to the state charge on the same day that a federal grand jury returned an indictment charging him with possession with intent to distribute over 3,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and manufacturing over 3,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1). Mason pleaded guilty to both counts contained in the federal indictment. The district court sentenced Mason to 135 months in prison. Mason did not appeal.
 
 
 4
 In his motion to vacate sentence, Mason claimed that: 1) the district court convicted him in violation of his rights under the Double Jeopardy Clause of the Fifth Amendment; and 2) defense counsel rendered ineffective assistance of counsel in violation of his rights under the Sixth Amendment.
 
 
 5
 The district court concluded that Mason's double jeopardy claim lacked merit and that defense counsel's assistance was not constitutionally defective. Therefore, the district court denied Mason's motion to vacate sentence. Mason appeals that judgment.
 
 
 6
 In his timely appeal, Mason reasserts the claims he set forth in the district court.
 
 
 7
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 8
 Mason is barred from seeking relief on his first claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Mason must demonstrate cause and prejudice to excuse his failure to raise his claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Mason has not demonstrated cause and none is otherwise apparent from the record. Furthermore, it is clear that Mason can show no prejudice as his claim is without merit for the following reason.
 
 
 9
 In support of his first claim, Mason contends that because he pleaded guilty in state court, the federal conviction for the same conduct violates the Double Jeopardy Clause of the Fifth Amendment. The state and federal governments may punish the same conduct. Heath v. Alabama, 474 U.S. 82, 89 (1985) (citing Westfall v. United States, 274 U.S. 256, 258 (1927)). Although the Double Jeopardy Clause forbids successive prosecutions of a defendant for the same offense, no Fifth Amendment violation occurs where a defendant is prosecuted for the same act by both state and federal authorities. See United States v. Lanza, 260 U.S. 377, 382 (1922). Because the Commonwealth of Kentucky and the federal government are separate sovereigns, Mason's state and federal convictions for the same offense do not violate his rights under the Double Jeopardy Clause. See Heath, 474 U.S. at 89. Thus, Mason's claim is meritless and cannot provide the prejudice required by the cause and prejudice analysis. See Frady, 456 U.S. at 167-68.
 
 
 10
 Mason's claim that he received ineffective assistance of counsel is without merit. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the guilty plea context, Mason must show that a reasonable probability exists that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Mason contends that he received ineffective assistance of counsel because his attorney moved to withdraw the state court guilty plea and thus deprived him of a double jeopardy defense. As it has already been shown that Mason's double jeopardy claim is without merit, he was not prejudiced by any allegedly deficient performance by defense counsel.
 
 
 11
 Accordingly, we hereby grant Mason in forma pauperis status for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation