**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Derek Lorenzo CORBIN, Defendant–**
**Appellant.**

No. 03–5181.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2003.

Debra Teufel Phillips, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Jude T. Lenahan, Federal Public Defender's Office, Nashville, TN, Derek Lorenzo Corbin, Hardeman County Correctional Facility, Whiteville, TN, for Defendant–Appellant.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

## ORDER

Derek Lorenzo Corbin, a federal prisoner, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After Corbin repeatedly shot a car at a dealership, he was apprehended during his flight and a firearm was found in his car. Federal and state authorities then charged Corbin with various offenses. The federal charges, imposed by indictment on June 6, 2001, consisted of three counts of drug and weapon offenses. Pursuant to a written plea agreement and in exchange for the dismissal of two counts, Corbin pleaded guilty on June 18, 2002, to one count of possessing a weapon as a convicted felon. The presentence investigation report (PSR) recommended subtracting two points from Corbin's offense level for acceptance of responsibility, and adding points for possession of a stolen firearm, possession of multiple firearms, and possession of a firearm in connection with the Tennessee felony offense of reckless endangerment. Corbin raised several objections at sentencing and argued that he was entitled to a three-point reduction for acceptance of responsibility, that the enhancements were not warranted, and that his federal conviction was in violation of double jeopardy because of an identical state conviction. The district court granted the objection to the multiple firearm enhancement, but denied all other objections and imposed a sentence of 96 months

in prison, to run concurrently with the state sentence.

Corbin's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that no meritorious issues were found after review of the entire record. In support of this conclusion, counsel examined four issues in the brief. Corbin has filed a response.

Upon review, we conclude that counsel's motion to withdraw should be granted because counsel has filed an acceptable *Anders* brief and correctly concluded that no meritorious issues exist.

■ In his first issue, counsel considers whether the district court erred by denying Corbin a third point for acceptance of responsibility pursuant to USSG § 3E1.1. Corbin has supplemented counsel's consideration, arguing that counsel rendered ineffective assistance by not earlier conveying to the government Corbin's desire to plead guilty and that the denial of the third point punishes him for exercising his constitutional right to trial.

The district court did not err by denying Corbin a third point for acceptance of responsibility. Corbin did not timely notify authorities of his intent to plead guilty as he did not plead guilty until the day of trial and as his plea was more than a year after the indictment. *See* USSG § 3E1.1(b)(2). Thus, he did not plead guilty in time for the government to avoid preparing for trial, and the district court was not able to schedule its calendar efficiently. *See* USSG § 3E1.1, comment. (n.6).

■ We decline to consider Corbin's argument that his failure to plead earlier was the result of ineffective assistance of counsel. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *United States v. Carr*, 5 F.3d 986, 993 (6th Cir.1993).

■ Corbin's other argument, that the denial of the third point punishes him for exercising his constitutional right to trial, lacks merit. Although a sentencing court may not retaliate against a defendant who exercised his right to trial, the court may nonetheless reward a defendant who chooses to plead guilty. *United States v. Davis*, 170 F.3d 617, 628 (6th Cir.1999). Thus, a district court may deduct points for acceptance of responsibility for a timely plea, but may not add points if the defendant goes to trial or pleads guilty in an untimely fashion. *See id.* Corbin's sentence does not run afoul of these principles because no points were added to his offense level due to his delay in pleading guilty.

■ Second, counsel raises the issue of whether the enhancement for a stolen firearm pursuant to USSG § 2K2.1(b)(4) was appropriate because Corbin claimed that he did not know that the firearm was stolen. At sentencing, counsel argued that the lack of a mens rea requirement in the guideline violated due process.

The commentary to § 2K2.1(b)(4) provides that the enhancement for possessing a stolen firearm applies "whether or not the defendant knew or had reason to believe that the firearm was stolen." USSG § 2K2.1(b)(4), comment. (n.19). In *United States v. Murphy*, 96 F.3d 846 (6th Cir. 1996), this court held that the lack of a mens rea requirement in the guideline comported with constitutional requirements because " 'the upward adjustment for possession of a stolen firearm does not stand alone as an independent crime but is part of a sentencing court's quest to for-

mulate a proper sentence.' " *Id.* at 849 (quoting *United States v. Singleton,* 946 F.2d 23, 26 (5th Cir.1991)). Moreover, the adjustment does not violate due process and is rationally related to the goal of crime prevention because stolen firearms are used disproportionately in crimes. *Id.*

■ Third, counsel analyzes the appropriateness of the § 2K2.1(b)(5) enhancement for possession of a firearm in connection with another felony. Counsel notes the district court's findings that Corbin's written confession admitting to being the shooter was credible and that the contrary testimony at sentencing by Corbin's friend, Darin Bowe, was not. Corbin contests the finding that reckless endangerment occurred, arguing that the people at the dealership were not in close enough proximity. Additionally, he argues that the district court erred by finding that the state crime of felony vandalism also had occurred, despite his allegation that the car belonged to him.

This court reviews the district court's application of § 2K2.1(b)(5) under the deferential standard announced in *Buford v. United States,* 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). *United States v. Hardin,* 248 F.3d 489, 493 (6th Cir.2001). Guideline § 2K2.1(b)(5) provides for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The government has the burden of proof of showing that the guideline applies. *Hardin,* 248 F.3d at 495.

The district court properly imposed the enhancement. First, nothing in this record suggests that the district court's reliance on Corbin's written confession was in error, and the district court was in the best position to evaluate and reject the credibility of Bowe. *See United States v. Roche,* 321 F.3d 607, 611 (6th Cir.2003).

Second, the district court properly concluded that Corbin possessed the firearm in connection with the state felony of reckless endangerment. In Tennessee, felonious reckless endangerment is the offense of recklessly engaging "in conduct which places or may place another person in imminent danger of death or serious bodily injury" where the conduct is committed with a deadly weapon. *See* Tenn.Code Ann. § 39–13–103(a), (b). As defense witness Richard Moore, an investigator with the Federal Public Defender's Office, testified consistent with the PSR that people were present on the dealership property when the shooting occurred, we will defer to the district court's determination that the bystanders were in imminent danger of death or serious bodily injury.

We need not decide whether to affirm the enhancement on the alternative basis of the felony vandalism.

■ Last, counsel raises the issue of whether Corbin's federal conviction was in violation of double jeopardy because Corbin was convicted of an identical state offense.

No double jeopardy violation occurred. The doctrine of dual sovereignty provides that successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause. *Heath v. Alabama,* 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). "The proposition that the State and Federal Governments may punish the same conduct 'is too plain to need more than statement.' " *Id.* at 89 (quoting *Westfall v. United States,* 274 U.S. 256, 258, 47 S.Ct. 629, 71 L.Ed. 1036 (1927) (Holmes, J.)).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.