**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ernie AVALOZ, aka Seal B,**
**Defendant—Appellant.**

No. 03–50094.
D.C. No. CR–00–00637–WJR–2.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2005.*

Decided July 28, 2005.

Consuelo S. Woodhead, Ronald L. Cheng, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

David J. Zugman, Law Offices of David J. Zugman, San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Ernie Avaloz appeals his convictions under 18 U.S.C. § 894 on the grounds that: (1) as applied in this case, the statute violates the Commerce Clause, and (2) the district court proceedings violated his right to a fair trial.

█ The victim testified that he used the loan from Avaloz's employer for commercial purposes, to invest in cars. The extortionate means Avaloz employed to extract repayment of the debt involved threatening the victim over the phone, traveling from out of state to threaten him in person, and transporting a used Mercedes back to California from Arizona on a flatbed truck in an effort to frighten the victim. These facts do not suggest the loan in question was purely personal and intra-state in nature. Nor do they suggest that Avaloz's attempts to exact payment of the loan by extortionate means were unrelated to, and had no effect on, interstate commerce.

Even assuming, *arguendo*, that the loan was of a personal and intra-state nature, Avaloz's Commerce Clause challenge still fails. The Supreme Court upheld the constitutionality of 18 U.S.C. § 891 *et seq.* against a Commerce Clause challenge in *Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). The *Perez* Court applied the "class of activities" test, holding that "[w]here the class of activities is regulated and that class is within the reach of federal power, the courts have no power 'to excise, as trivial, individual instances' of the class." *Perez*, 402 U.S. at 154, 91 S.Ct. 1357 (quoting *Maryland v. Wirtz*, 392 U.S. 183, 193, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968)).

Our most recent authority, *Gonzales v. Raich*, —— U.S. ——, 125 S.Ct. 2195, 2206, 162 L.Ed.2d 1 (2005), *rev'g Raich v. Ashcroft*, 352 F.3d 1222 (9th Cir.2003), reiterated the "class of activities" test and, citing *Perez*, emphasized: "We have never required Congress to legislate with scientific exactitude. When Congress decides that the 'total incidence' of a practice poses a threat to a national market, it may regulate the entire class." The Court also echoed the language of *Perez* by again quoting from Justice Holmes' opinion in *Westfall*. *Id.* (quoting *Westfall v. United States*, 274 U.S. 256, 259, 47 S.Ct. 629, 71 L.Ed. 1036 (1927) ("[W]hen it is necessary in order to prevent an evil to make the law embrace more than the precise thing to be prevented it may do so")).

While Avaloz's employer, the scion to a $500 million family fortune may not fit the profile of your average loan shark, the fact remains that he asked Avaloz to collect a debt for him, and Avaloz did so by extortionate means within the meaning of 18 U.S.C. § 891(7). His conduct falls squarely within the class of activity governed by 18 U.S.C. § 894. Even if the transaction in question were purely intra-state in nature, *Perez* counsels against an as-applied constitutional challenge. *Perez*, 402 U.S. at 154, 91 S.Ct. 1357 ("Extortionate credit transactions, though purely intrastate, may in the judgment of Congress affect interstate commerce."). We therefore deny Avaloz's Commerce Clause challenge to his conviction.

We find without merit Avaloz's claim that the district court violated his right to a fair trial by limiting his cross-examination of the case agent and thereby hindering Avaloz's ability to present his theory that the case was trumped up to pressure him to cooperate with the government against a co-conspirator. *Dela-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *see also United States v. Doe,* 125 F.3d 1249, 1254 (9th Cir.1997) (outlining the government's broad prosecutorial discretion and emphasizing the "extremely high standard" required to establish abuse of this discretion). Because of the strength of the evidence against Avaloz, even if this were a cognizable error, it was harmless.

■ We grant a *limited* remand to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the [federal sentencing] [g]uidelines were advisory." *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

**AFFIRMED in part and REMANDED in part.**