FILED
United States Court of Appeals
Tenth Circuit

**August 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DANIEL L. CARD,

      Defendant - Appellant.

Nos. 13-4031 and 13-4091
(D.C. Nos. 2:99-CR-00674-DB-1 and
2:12-CV-00883-DB)
(D. Utah)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY AND**
**DENYING PETITION FOR WRIT OF MANDAMUS**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Daniel Card, proceeding pro se, seeks a Certificate of Appealability (COA) in order to appeal from the district court's denial of his 28 U.S.C. § 2255 motion for post-conviction relief. A jury convicted him of armed robbery of two credit unions for which he was sentenced to 407 months incarceration. *United States v. Card*, 46 F. App'x 941, 942 (10th Cir. 2002). We affirmed his conviction on direct appeal. *Id.*

More than ten years later, Card filed a § 2255 motion challenging the district court's jurisdiction. As we read his motion, he argues the Tenth Amendment gives the states the exclusive authority to punish the armed robbery of a credit union.

The district judge denied the motion. He declined to reach the merits of Card's argument; instead, he concluded the argument was not timely. *See* 28 U.S.C. § 2255(f) (establishing a one-year limitation period). Although Card argued he could not have brought his argument before the U.S. Supreme Court's decision in *Bond v. United States*, 131 S. Ct. 2355 (2011),[1] the judge concluded Card could have brought his argument at any time, reasoning: "[T]he Supreme Court's decision in *Bond* did not establish new ground for the movant to make a valid claim, [and] precedent would not have prevented Card from raising his claim before the *Bond* decision." (R. Vol. 1 at 99.) Moreover, Card has not shown any extraordinary circumstances preventing him from timely presenting his claim.[2]

---

[1] In *Bond,* the Supreme Court concluded the defendant had standing to raise a Tenth Amendment challenge to a federal criminal law. 131 S. Ct. at 2360. But having standing does not lend dignity to an otherwise dubious, if not frivolous, argument. An allegation that Congress lacks constitutional authority to criminalize particular conduct does not deprive the district court of jurisdiction. Quite the opposite; the federal courts have jurisdiction to consider constitutional challenges to criminal laws. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); *United States v. DeVaughn*, 694 F.3d 1141, 1153 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 2383 (2013) ("A claim that a criminal statute is unconstitutional does not implicate a court's subject matter jurisdiction"); *United States v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) (per curiam) (concluding constitutional challenges to Congress's authority to pass criminal laws do not implicate the subject-matter jurisdiction of the federal courts); *see also Marbury v. Madison,* 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). Card's § 2255 motion illustrates this very point and his request for relief only affirms the essential role of the federal courts in resolving constitutional questions.

[2] The district court did not issue a COA within thirty days of the filing of Card's notice of appeal. We deem the requested COA to have been denied. 10th Cir. R. 22.1(C).

**DISCUSSION**

Card contends his § 2255 motion was timely because jurisdictional issues can be raised at any time. *See, e.g., United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) ("[A] challenge to the court's jurisdiction may be raised at any time, even for the first time on appeal."); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) ("[J]urisdictional issues are never waived and can be raised on collateral attack."). Card reads these cases too broadly.

A COA is a jurisdictional prerequisite to our review of a denial of a motion for post-conviction relief under 28 U.S.C. § 2255. 28 U.S.C. § 2253(a), (c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And, when the district court denies a § 2255 motion on procedural grounds, the applicant has the additional responsibility of showing reasonable jurists could find the correctness of the court's procedural ruling to be debatable. *Clark v. Oklahoma*, 468 F.3d 711, 713-14 (10th Cir. 2006).

Although we have construed his pleadings liberally, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), Card has not shown the procedural ruling to be debatable. Assuming he is permitted to challenge the district court's jurisdiction for the first time in a § 2255 motion, the motion must still be timely. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section"); *United States v. Scruggs*, 691 F.3d 660, 666-67 & n.13 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1282 (2013); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st

Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255."). Since Card does not challenge the judge's conclusion that he could have brought his claim before the Supreme Court issued its opinion in *Bond*, and he makes no other argument for the timeliness for his motion, we see no way to reasonably debate the judge's procedural ruling.[3]

Card also filed a petition for a writ of mandamus in this court. The petition seeks the same relief as his § 2255 motion. The petition must also be denied. Mandamus is a proper remedy only when review by other means is impossible. *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993). Here, because his § 2255 motion has given him the opportunity to present his argument for judicial review, he cannot obtain relief by a petition for a writ of mandamus.[4] *See Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (noting § 2255 relief is considered adequate even though the one-year limitations period has expired); *cf. Charles v. Chandler*, 180 F.3d 753, 758 (6th

---

[3] Nevertheless, Card's argument is without merit. The Tenth Amendment does not prevent Congress from criminalizing robbery of a financial institution. *Westfall v. United States*, 274 U.S. 256, 258 (1927); *United States v. Dunham*, 995 F.2d 45, 45-46 (5th Cir. 1993); *Toles v. United States*, 308 F.2d 590, 594 (9th Cir. 1962).

[4] On August 15, 2013, the Clerk of the Court issued a deficiency notice relating to Card's failure to include an appropriate certificate of service and to pay the fees associated with the petition (or seek leave to proceed without prepayment of fees). However, for the reasons stated above, even if he were to cure these technical deficiencies, we would still be unable to grant the relief he seeks. Accordingly, we vacate the deficiency notice as moot.

Cir. 1999) ("The one-year period provided him with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.").

We DENY Card's application for a COA, DENY his petition for a writ of mandamus, and DISMISS the matter and all pending motions.[5] Further, as Card has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we DENY his motion to proceed without prepayment of costs and fees. Any unpaid amounts of the filing and docketing fees are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[5] Card has filed two pro se pleadings: (1) a "Judicial Notice Pursuant to the Federal Rules of Evidence, Rule 201(d) and (e)" and (2) a "Motion to Dismiss Pursuant to F.R.Cv.P. 12(h)(3) - Lack of Subject-Matter Jurisdiction." In light of our conclusion, we dismiss the first pleading as moot and dismiss the second pleading as duplicative of the arguments Card advances in his brief.