# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-10669
Summary Calendar

———————————

CALEB D. GLICK,

*Plaintiff—Appellant*,

*versus*

AMERICAN BAR ASSOCIATION,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-350

———————————————————————

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.[*]

PER CURIAM:[**]

Caleb Glick, proceeding *pro se*, is an aspiring Texas lawyer. Glick contends that his future career as a lawyer is thwarted by Texas's requirement that he attend an American Bar Association ("ABA")-accredited law school. As a result, Glick sued the ABA for breach of contract, unjust enrichment, and federal and Texas antitrust violations.  He now appeals the district

———————————————

[*] Judge Willett concurs in the judgment only.

[**] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court's order declining to remand his case to state court and dismissing his complaint for failure to state a claim upon which relief can be granted. Glick also asserts that the magistrate judge was biased and should have recused himself because the magistrate judge attended an ABA-accredited law school and this case involves the ABA.

The district court found[1] diversity jurisdiction and denied Glick's motion to remand: Glick is a citizen of Texas and the ABA is a citizen of Illinois notwithstanding Glick's arguments to the contrary. The district court further granted the ABA's motion to dismiss for failure to state claims upon which relief can be granted. First, the district court dismissed Glick's breach of contract claim: the United States and Texas Constitutions do not constitute contracts between Glick and the ABA; furthermore, Glick failed to plead facts demonstrating that the ABA had harmed him. Second, the district court dismissed Glick's unjust enrichment claim: Glick failed to plead with plausibility that his inability to practice law benefited the ABA. Third, the district court dismissed Glick's federal and Texas antitrust claims: Glick failed to identify the specific federal antitrust violation at issue and he failed to allege facts implicating the federal antitrust statutes. Still further, the Texas antitrust law provisions invoked by Glick do not provide a private cause of action. Finally, the district court denied Glick's motion to recuse the magistrate judge.

On appeal, Glick continues to argue that (1) the ABA is a citizen of Texas; (2) the United States and Texas Constitutions constitute contracts between him and the ABA; (3) the ABA benefited by obtaining coercive

_____

[1] Both Glick's motion to remand and the ABA's motion to dismiss were referred to a magistrate judge for disposition. Because the district court judge adopted the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, we refer to the magistrate judge's findings as the district court's.

No. 24-10669

leverage over him through its monopolistic control of the Texas legal system; (4) the ABA is not immune to antitrust laws; and (5) the magistrate judge was biased against him.

Because Glick's appeal lacks any arguable merit, it is frivolous.[2]  Accordingly, Glick's appeal is, in all respects,

DISMISSED.

---

[2] *See* 5TH CIR. R. 42.2 ("If . . . it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed."); *see also United States v. Dunham*, 995 F.2d 45, 46 (5th Cir. 1993) (dismissing an appeal as frivolous because it "has no arguable basis in law or in fact").