NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0294n.06

No. 15-4397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 03, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE SOUTHERN DISTRICT OF |
| PABLO ANTONIO-PACHECO, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: GIBBONS, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Pablo Antonio-Pacheco, a federal prisoner, appeals through counsel the twelve-month sentence imposed following his guilty plea to a charge of illegal reentry of a removed alien.

Antonio-Pacheco has been removed from this country to his native Mexico on seven occasions. He was convicted of misdemeanor illegal entry on three occasions in 2012 and 2013, receiving sentences of 30, 15, and 45 days. After his apprehension in this case for illegally reentering this country, the parties initially entered into a binding plea agreement with a sentence of time served. Antonio-Pacheco waived his right to appeal other than on claims of ineffective assistance of counsel or prosecutorial misconduct. However, the district court rejected the plea agreement. The parties then modified the agreement to indicate that the district court could reject the agreed sentence of time served. The sentencing guidelines range was calculated to be zero to six months, and the statutory maximum sentence was two years. Defense counsel argued

for the agreed sentence of time served, which was approximately three months at that point. The prosecution argued for a sentence within the calculated range. However, the district court found that an upward variance was called for, citing Antonio-Pacheco's lack of respect for the law, the failure of his earlier sentences to deter him from reentering, and the seriousness of the offense; a twelve-month sentence of imprisonment was imposed.

On appeal, Antonio-Pacheco argues that his sentence is substantively unreasonable because the district court gave unreasonable weight to his criminal history. Specifically, he notes that his prior convictions for illegal entry were all misdemeanors, his drunk driving conviction was over seven years old, and his other convictions of driving without a license did not present a risk to the public.

Initially, we note that the issue raised is not one of those for which Antonio-Pacheco reserved the right to appeal. However, the government has not raised this argument and therefore has forfeited the right to assert an appeal waiver. *See United States v. Ford*, 761 F.3d 641, 661 n.15 (6th Cir. 2014).

We review a criminal sentence for an abuse of discretion and will not substitute our judgment for that of the district court. *United States v. Phinazee*, 515 F.3d 511, 521 (6th Cir. 2008).

Antonio-Pacheco argues that his sentence is substantively unreasonable because the district court gave an unreasonable amount of weight to his criminal history. *See United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). He distinguishes his case from that of *United States v. Tristan-Madrigal*, 601 F.3d 629, 634-35 (6th Cir. 2010), where we found an upward variance proper based on four drunk driving offenses. Antonio-Pacheco argues that he has only one old drunk driving conviction, and he questions the district court's finding that his numerous

convictions of driving without a license pose a danger to the public. The district court expressly rejected this argument, noting that it was not clear whether Antonio-Pacheco was qualified to drive, having not passed a driver's license test or vision test. The district court was also clearly aware that the prior convictions for illegal entry were misdemeanors. The district court also justified the upward variance on grounds that a longer sentence was necessary for purposes of deterrence and to encourage respect for the law, both of which we have found to be valid bases for upward variances. *United States v. Solano-Rosales*, 781 F.3d 345, 354-55 (6th Cir. 2015); *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009).

Accordingly, we find no abuse of discretion by the district court and **AFFIRM** the judgment imposed in this case.