NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0256n.06

No. 23-5633

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 11, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| TYLER FRANKLIN ROCCHI, | ) | OPINION |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: WHITE, STRANCH, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Tyler Rocchi stole two firearms from a friend. He later pleaded guilty to possessing stolen firearms in violation of 18 U.S.C. § 922(j). Given Rocchi's criminal history and the nature of his crime, the district court varied above his guidelines range by eight months and imposed a 71-month term of imprisonment. Rocchi appeals this sentence. But the district court did not unreasonably balance the relevant sentencing factors when imposing it. So we affirm.

In February 2022, Robert Lee Allen "pistol whipped" his wife with a stolen handgun. Federal and state authorities traced the theft of this handgun back to Rocchi. When the police arrested Rocchi, he possessed a second handgun and 4.6 grams of heroin. Rocchi admitted that he had stolen both weapons from a female friend who had let Rocchi stay at her house to get him off the streets. Given his extensive criminal record, he could not lawfully possess these firearms.

And while under the influence of drugs, he had knowingly transferred one of the guns to Michael David Newson, another convicted felon. Newson then passed the firearm on to Allen.

The federal government charged Allen, Rocchi, and Newson with several crimes. Rocchi originally pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). His plea agreement identified his maximum penalty as 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2) (2018). But his presentence report suggested that he qualified as an "armed career criminal" subject to a minimum 15-year sentence for the felon-in-possession offense. *See id.* § 924(e)(1).

To eliminate this mandatory minimum, the government entered into a new plea agreement with Rocchi. Rocchi would now plead guilty to possessing a stolen firearm in violation of 18 U.S.C. § 922(j). This crime did not trigger the armed-career-criminal enhancement. *See id.* § 924(e)(1). The district court allowed Rocchi to withdraw his initial guilty plea and plead guilty to this different offense.

At sentencing, the court determined that Rocchi had a total offense level of 17 and that he fell within the highest criminal history category of VI. These calculations resulted in a guidelines range of 51 to 63 months' imprisonment. But the court varied above this range by treating Rocchi as if he had a total offense level of 18. With this change, Rocchi's guidelines range became 57 to 71 months' imprisonment. The court ultimately imposed a 71-month sentence.

On appeal, Rocchi raises a "substantive reasonableness" challenge to his above-guidelines sentence. That is, Rocchi argues that the district court imposed a sentence that is "too long" when measured against the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Thomas*, 933 F.3d 605, 612–13 (6th Cir. 2019) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). Because the district court varied above Rocchi's guidelines range, we do not presume that

his sentence is reasonable. *See id.* at 613. At the same time, we still review the sentence under the deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We will affirm an above-guidelines sentence as long as the court reasonably differentiated the defendant's case from the "mine-run" case most suited for a within-guidelines sentence. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). Yet as the size of the court's variance grows, so must the persuasiveness of its explanation for the variance. *See id.*

When we evaluate its analysis under this deferential test, the district court adequately justified its eight-month variance. The court reasonably found that this case involved neither a "mine-run" offense nor a "mine-run" defendant. *Id.* As for the "nature" of the offense, Rocchi did not simply possess a stolen firearm. 18 U.S.C. § 3553(a)(1); *see United States v. Booker*, 2023 WL 2017379, at *2 (6th Cir. Feb. 15, 2023). Rather, he personally stole the firearms himself. As a felon, moreover, he could not lawfully possess these firearms even if he had not stolen them. He also transferred one of the handguns to Newson, whom he knew to be a felon. And Allen, a codefendant, later used that firearm to assault his spouse. As for the "history" of the defendant, Rocchi had an extensive criminal record. 18 U.S.C. § 3553(a)(1); *see United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020). With a dozen or so prior convictions, he had reached the highest criminal history category by the young age of 25. Rocchi had also committed over a dozen infractions during his time in prison.

Rocchi's responses do not convince us otherwise. He first argues that the district court acted arbitrarily because the government did not request an upward variance. But district courts (not prosecutors) bear the responsibility to choose the proper sentence. And the § 3553(a) factors give these courts a significant "range of discretionary decisionmaking" when deciding whether to vary from the guidelines. *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011)

3

(quoting *United States v. Stephens*, 549 F.3d 459, 466−67 (6th Cir. 2008)). So we have repeatedly upheld upward variances even when the government argued for a within-guidelines sentence. *See, e.g.*, *United States v. Gray*, 2021 WL 4963366, at *3, *7 (6th Cir. Oct. 26, 2021); *United States v. Antonio-Pacheco*, 653 F. App'x 841, 841−42 (6th Cir. 2016) (per curiam); *United States v. Krause*, 513 F. App'x 482, 483, 486–87 (6th Cir. 2013). The government's failure to request a variance in Rocchi's case likewise does not show that the sentence is unreasonable.

Rocchi also suggests that the district court should have ignored the violent crime that Allen committed with the stolen gun because Rocchi did not participate in Allen's domestic abuse. But Rocchi put this stolen firearm into the illicit gun market. So he knowingly increased the risk that this type of crime would occur. As we have repeatedly recognized, violent actors like Allen "disproportionately" use "stolen firearms" to commit their crimes. *United States v. Corbin*, 76 F. App'x 58, 61 (6th Cir. 2003) (citing *United States v. Murphy*, 96 F.3d 846, 849 (6th Cir. 1996)); *see also United States v. Mobley*, 956 F.2d 450, 454 (3d Cir. 1992).

Rocchi next argues that his criminal history did not make his case unusual because his guidelines range already accounted for that history. We have "consistently rejected" this argument. *Dunnican*, 961 F.3d at 881; *see, e.g.*, *United States v. Harper*, 2023 WL 7448755, at *1–2 (6th Cir. Nov. 9, 2023); *United States v. Rodriguez*, 2023 WL 4204549, at *2 (6th Cir. June 27, 2023). To be sure, we have suggested that a "meaningful relationship" should exist between a current offense and prior offenses if the district court varies upward based on a defendant's criminal history *alone*. *United States v. Lee*, 974 F.3d 670, 677–78 (6th Cir. 2020). But the district court identified that type of relationship here. Rocchi's current drug-induced offense followed a consistent "pattern" in which Rocchi committed crimes (including theft) after abusing drugs. Sent. Tr., R.168, PageID 1708. And regardless, the district court did not rely on Rocchi's "criminal

history alone." *United States v. Axline*, 93 F.4th 1002, 1011 (6th Cir. 2024). Its 71-month sentence rested on "all" the § 3553(a) factors. Sent. Tr., R.168, PageID 1712. The court, for example, also relied on Rocchi's behavior while incarcerated. It concluded that Rocchi's conduct both inside and outside of prison showed a "profound disrespect for the law." *Id.*, PageID 1711–12.

Apart from his criminal record, Rocchi relatedly contends that the district court justified its variance with an improper counterfactual: if the government had stuck with the felon-in-possession charge (rather than the stolen-firearm charge), Rocchi would have qualified as an armed career criminal subject to a minimum 180-month sentence. Admittedly, the district court expressed equal-treatment concerns with the government's decision to allow Rocchi to avoid this mandatory minimum while imposing the minimum on similar defendants (including a defendant the court would sentence later that day). Sent. Tr., R.168, PageID 1674. But we need not consider whether the court could consider Rocchi's status as an armed career criminal as part of its balancing of the § 3553(a) factors. The record shows that it declined to impose a variance on this ground. The court suggested that the government's decision to dismiss the count that required this minimum sentence fell within its "prosecutorial discretion" and that the court lacked "any authority over that" discretion. *Id.* The court reiterated that it was "not punishing [Rocchi] for being a convicted felon in possession of a firearm," explaining to Rocchi that such a conviction would have triggered a much higher "range" than the one it imposed. *Id.*, PageID 1704. In other words, the court varied upward to impose "just punishment" for what Rocchi pleaded guilty to—not what the court thought he was "actually guilty of" (being a felon in possession of a firearm and an armed career criminal). *Id.*

Rocchi lastly argues that the district court did not give enough weight to other § 3553(a) factors. But our standard of review does not allow us "to reweigh the § 3553(a) factors" and reach

our own conclusion about the proper variance. *United States v. Pyles*, 904 F.3d 422, 426 (6th Cir. 2018). And Rocchi's argument asks us to do just that. The district court discussed most of the factors that he identifies. Rocchi simply disagrees with how the court balanced them.

A few examples prove this point. Consider Rocchi's claim that the district court did not put enough weight on "the need to avoid unwarranted sentence disparities" between similarly situated defendants. 18 U.S.C. § 3553(a)(6). Rocchi uses the Sentencing Commission's recent statistics to support this claim. These statistics show that defendants with Rocchi's total offense level and criminal history score have received a median sentence of 51 months and a mean sentence of 52 months for firearm offenses. But the district court's response to this argument at sentencing shows why we have expressed "serious skepticism" that this generic data can alone illustrate that a sentence is unreasonable. *United States v. Hymes*, 19 F.4th 928, 937 (6th Cir. 2021). While recognizing the data as "valuable," the district court chose not to "put a whole lot of stock in it" because it revealed only averages. Sent. Tr., R.168, PageID 1703. Many defendants received sentences above the averages; many received sentences below them. Would Rocchi's background and offense resemble those of defendants who received the higher sentences? The lower ones? This data says nothing about these comparisons. The district court thus reasonably relied primarily on Rocchi's unique "history" and "circumstances" rather than these averages. *Id.*

Or consider Rocchi's claim about one of his "characteristics" when he committed his past offenses. 18 U.S.C. § 3553(a)(1). He alleges that the record overstated his criminal history score because he committed most of his crimes as a juvenile. According to Rocchi, his immaturity at that time mitigated his crimes. But the district court considered this history and saw things differently. The court viewed Rocchi as an "outlier" because it had not come across many 25-year-olds who fell in criminal history category VI. Sent. Tr., R.168, PageID 1707. In the court's

6

experience, most defendants of Rocchi's age had much lower criminal history scores. The court thus opined that Rocchi had a "pretty troubled history" because of how quickly he had reached the top category. *Id.*, PageID 1708. It added that Rocchi had not "changed all that much" as an adult because he continued to abuse drugs and then commit crimes. *Id.* The court thus reasonably acknowledged Rocchi's youth. *See United States v. Sherrill*, 972 F.3d 752, 773 (6th Cir. 2020).

Next consider Rocchi's claim that the district court did not account for his theft victim's request for leniency at sentencing. True, the victim (Rocchi's friend) testified that Rocchi is a "very good-hearted person" who helps others. Sent. Tr., R.168, PageID 1683. But the court could reasonably discount her testimony given its "wide discretion" to resolve evidentiary questions, including questions about a witness's credibility. *United States v. Bingham*, 81 F.3d 617, 630 (6th Cir. 1996). Among other reasons, she disclaimed any knowledge of Rocchi's drug use—the catalyst for his crimes. She also did not know that he had possessed heroin at the time of his arrest.

Lastly consider Rocchi's claim that a guidelines amendment from November 2023 would have placed him in criminal history category V, not VI. In response, the government explained that he would remain in the highest criminal category even after this change. Rocchi did not challenge its calculations in his reply brief. So we see no basis to dispute those calculations here. That Rocchi remained at criminal history category VI even after this defendant-friendly change confirms the reasonableness of his sentence.

We affirm.

7