**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————————

**September 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL S. ELLIOTT,

    Defendant - Appellant.

No. 24-8019
(D.C. No. 1:15-CR-00042-SWS-1)
(D. Wyo.)

————————————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
————————————————————————

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
————————————————————————

Joel S. Elliott, a federal prisoner, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), alleging that three extraordinary and compelling reasons warranted relief. Of these, the district court ruled that one of the reasons implicated 28 U.S.C. § 2255 by challenging the validity of Elliott's conviction and sentence. Adhering to this court's decision in *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023), which requires district

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

courts to treat such arguments as § 2255 claims, the court dismissed that ground as an unauthorized successive § 2255 motion. The court then rejected Elliott's remaining arguments on the merits. Elliott now seeks to have *Wesley* revisited. But to appeal the district court's dismissal of his § 2255 argument, he must first obtain a certificate of appealability (COA). Exercising jurisdiction under 28 U.S.C. § 1291 and § 2253, we deny Elliott a COA.

## BACKGROUND

### I.    Conviction and Sentence

In 2015, Elliott was convicted by a jury of four counts: (1) arson of a building receiving federal funds, in violation of 18 U.S.C. § 844(f); (2) using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); (3) possessing an unregistered firearm, in violation of 26 U.S.C § 5861(d); and (4) making a false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). The arson charge served as the predicate felony for the crime-of-violence conviction, which carried a mandatory 30-year consecutive sentence because Elliott's "firearm" was "a destructive device." 18 U.S.C. § 924(c)(1)(B)(ii). Constrained by § 924(c), the district court sentenced Elliott to 444 months' imprisonment—84 months for arson plus 360 months for the crime-of-violence charge. This court affirmed his conviction on direct appeal. *See United States v. Elliott*, 684 F. App'x 685, 698 (10th Cir. 2017) (unpublished).

2

## II.    Motions to Vacate

In 2018, Elliott filed his first motion to vacate under § 2255, claiming

that he received ineffective assistance of counsel and that the government

violated *Brady v. Maryland*, 373 U.S. 83 (1963). The district court denied

Elliott's motion, and this court denied Elliott a COA. *United States v. Elliott*,

753 F. App'x 624, 626–27 (10th Cir. 2018) (unpublished).

In 2020, Elliott sought authorization for a second § 2255 motion. He

argued that his § 924(c) conviction was invalid after the Supreme Court struck

down part of that statute in *United States v. Davis*, 588 U.S. 445, 470 (2019)

(holding that § 924(c)(3)(B) is unconstitutionally vague).[1] We authorized his

second § 2255 motion, allowing Elliott to challenge his § 924(c) conviction and

sentence. The district court denied Elliott's motion. The court ruled that *Davis*

had no impact on Elliott's conviction, because he was convicted under

§ 924(c)(3)'s elements clause—not the residual clause struck down by *Davis*.

We agreed. *United States v. Elliott*, No. 22-8046, 2023 WL 4196838, at *7

(10th Cir. June 27, 2023) (unpublished).

---

[1] Section 924(c) provides a substantive offense for anyone who uses a firearm "during and in relation to any crime of violence." The statute provides two definitions for "a crime of violence." The first, dubbed the elements clause, requires that the predicate felony "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). The second, dubbed the residual clause, covers felonies that "involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). *Davis* struck down the residual clause but left the elements clause intact. *See* 588 U.S. at 470.

3

### III.    Motion for Compassionate Release

In 2023, Elliott filed a motion for compassionate release, claiming three grounds as extraordinary and compelling reasons.[2] With some finetuning and reframing, Elliott reasserts his argument that his § 924(c) conviction is invalid.[3] He also argues that "the severity of [his] sentence far outweighs the gravity of the offense." R. vol. 2, at 80. And he contends that his rehabilitative efforts support his request for a reduced sentence.

The district court dismissed in part and denied in part Elliot's motion. The court determined that Elliott's § 924(c) argument "implicate[s] the validity of his conviction and sentence." R. vol. 1, at 325. And so, relying on *Wesley*, 60 F.4th at 1284–85, the district court dismissed that argument as an

---

[2] To grant a motion for compassionate release, the district court must find that "extraordinary and compelling reasons warrant a sentence reduction" and that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (cleaned up). Then the court must "consider any applicable § 3553(a) factors and determine whether" a reduction is warranted. *Id.* (cleaned up).

[3] Elliott has reshaped his argument over the years he has been litigating the § 924(c) issue. His finetuning has been aided by recent Supreme Court decisions like *Borden v. United States*, 593 U.S. 420 (2021). There, the Court ruled that "[o]ffenses with a *mens rea* of recklessness do not" fit under the elements clause of § 924(e)(2)(B)—a near copy of § 924(c)(3)(B). *Borden*, 593 U.S. at 445. Elliott contends that arson under § 844(f) requires a mens rea of recklessness, and so he asserts that his § 924(c) conviction cannot be sustained under the elements clause. We addressed this argument in *Elliott*, 2023 WL 4196838, at *4, *7. Because the authorization for Elliott's second § 2255 motion was limited to *Davis* and the residual clause, we ruled that we lacked jurisdiction to consider the merits of his arguments under *Borden* and the elements clause. *Id.* at *7.

unauthorized, successive § 2255 motion, *see* § 2253. Considering Elliott's other claimed extraordinary and compelling reasons, the district court ruled that his "sentence is commensurate with the crime" and that his "rehabilitation does not carry him across the line to extraordinary and compelling circumstances." *Id.* at 327. Elliott timely filed a notice of appeal.

## DISCUSSION

### I. Elliott needs a COA to appeal the district court's dismissal ruling.

Elliott asserts that we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)—the statutes providing jurisdiction over appeals from final orders and from final criminal sentences. But Elliott seeks to appeal the district court's decision to dismiss his § 924(c) argument as an unauthorized, successive § 2255 motion.[4] And we cannot review "the final order in a proceeding under section 2255" unless the prisoner first obtains a COA. § 2253(c)(1)(B). So we must determine whether the district court's dismissal is a final § 2255 order. *Wesley* compels the answer: it is, so Elliott needs a COA.

In *Wesley*, a prisoner filed a compassionate-release motion, claiming various extraordinary and compelling reasons warranted relief. 60 F.4th at 1279. Among those, the prisoner argued that prosecutorial misconduct infected his sentencing. *Id.* The district court dismissed that argument as an unauthorized § 2255 motion and rejected the remaining arguments on the

---

[4] Elliott doesn't challenge the district court's merits decision denying his compassionate-release motion.

merits. *Id.* On appeal, the prisoner challenged only the district court's dismissal of his prosecutorial-misconduct argument, but the prisoner didn't seek a COA. *Id.* This court determined that he needed one because, though arising from a compassionate-release motion, "[t]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255.'" *Id.* at 1280 (quoting *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008)). We then considered whether the prisoner satisfied the COA standard. *Id.*

As in *Wesley*, the district court construed Elliott's § 924(c) argument as a § 2255 claim and dismissed it for lack of jurisdiction. That means the district court's order is a "final order in a proceeding under section 2255" and that Elliott needs a COA. § 2253(c)(1)(B); *see also United States v. McKinney*, Nos. 22-3090, 22-3189, 2023 WL 5608463, at *2 (10th Cir. Aug. 30, 2023) (requiring a COA in the same circumstances). Because Elliott hasn't sought a COA from us, we treat his notice of appeal as a request for a COA.[5] *Frost v. Pryor*, 749 F.3d 1212, 1222 n.6 (10th Cir. 2014).

---

[5] The district court didn't consider whether to grant a COA. *See* 10th Cir. R. 22.1(C) ("[T]he district court shall in every applicable case issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). But because thirty days have passed since Elliott filed his notice of appeal, we consider the district court to have denied a COA. *See United States v. Card*, 534 F. App'x 765, 767 n.2 (10th Cir. 2013) (unpublished).

## II.   We deny Elliott a COA.

Elliott is entitled to a COA if "jurists of reason would find debatable the district court's decision to construe [Elliott's § 924(c) argument] as a motion to vacate, set aside, or correct his sentence pursuant to § 2255." *Harper*, 545 F.3d at 1233 (cleaned up). *Wesley* prevents reasonable jurists from debating the district court's ruling.

*Wesley* considered whether prisoners may include claims governed by § 2255 in their compassionate-release motions. 60 F.4th at 1284. Reviewing the text and structure of § 3582 as well as comparing it to § 2255, the court concluded that a compassionate-release motion "may not be based on claims specifically governed by 28 U.S.C. § 2255." *Id.* at 1289. The court defined "a claim governed by § 2255" as one "that, if true, would mean 'that the sentence was imposed in violation of the constitution or laws of the United States, . . . or is otherwise subject to collateral attack.'" *Id.* at 1288 (quoting § 2255(a)). And when confronted with a compassionate-release motion that includes such a claim, the court instructed, district courts should "treat the part governed by § 2255 as if explicitly brought under § 2255 and handle it accordingly (including dismissal for lack of jurisdiction if appropriate)." *Id.*

Elliott's § 924(c) argument asserts a claim governed by § 2255. In substance, he argues that he was wrongfully convicted of § 924(c) because his arson conviction is not a qualifying predicate crime of violence. And he contends that the district court erred in submitting the § 924(c) charge to the

7

jury. Thus, "if true," then Elliott is serving an unlawful sentence—the type of argument "governed by § 2255." *Wesley*, 60 F.4th at 1288. After all, Elliott advanced a similar version of this argument in his authorized, second § 2255 motion. *See United States v. Elliott*, No. 22-8046, 2023 WL 4196838, at *3 (10th Cir. 2023 June 27, 2023) (unpublished).

In his brief, Elliott concedes that the district court properly applied *Wesley*. And he doesn't dispute that his § 924(c) argument fits under § 2255. Instead, he contends that "*Wesley* was wrongly decided." Op. Br. at 5. But because this court is bound by *Wesley*, and because *Wesley* compels the result reached by the district court, reasonable jurists would not debate the district court's ruling. *See United States v. Garcia*, 936 F.3d 1128, 1139 (10th Cir. 2019) ("We are consequently bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (cleaned up)).

## CONCLUSION

For these reasons, we deny Elliott a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge